Ex Parte John Devine.

1. EXTRADITION.  *Guilt or innocence.  Habeas corpus.*

Where relator is arrested for crime committed in another state, upon the warrant of the governor of this state authorizing extradition, the guilt or innocence of relator cannot be inquired into on *habeas corpus* in this state.

2. SAME.  *Habeas corpus.  Return.  Exception.  Governor's warrant.*

Upon *habeas corpus* it is not cause of exception to the officer's return, showing that relator is held upon the warrant of the governor of this state for extradition for crime committed in another state, that it does not show an affidavit or indictment emanating from the authorities of the other state.  The warrant of the governor is *prima facie* correctly issued, and the return, to be *prima facie* sufficient, need not show anything more.

3. SAME.  *Copy of indictment.*

Upon *habeas corpus* in such case, the relator may show, as a fact, if he can, that the warrant for extradition was issued by the governor of this state without having received from the chief executive of the other state a copy of the affidavit or indictment charging the relator with crime in such other state.

4. SAME.  *Code* 1892, § 2162.

The power of the executive to extradite fugitives from justice is conferred, and the conditions of its exercise are prescribed, by code 1892, § 2162, and special statutory authority, even when applied to the acts of public officers, must be strictly executed and all prescribed formalities observed.

FROM decision of Chancellor *Claude Pintard*, on *habeas corpus*, heard at Vicksburg.

The opinion states the facts.

*Wade R. Young,* for appellant.

" The executive warrant, to be sufficient, should show on its face three things: (1) That it has been represented to such executive that the accused stands charged in the demanding state with a certain specified crime, and that he has fled from justice; (2) that a demand has been made upon him for the surrender of such fugitive, pursuant to the constitution and laws of the United States; (3) that said representation and demand was accompanied by an indictment or affidavit, duly certified as authentic by the demanding governor." Am. & Eng. Enc. L., vol. 7, p. 640, 648, note 2; *In re Dow Worn,* 18 Fed. Rep., 698.

The return of the writ of *habeas corpus* herein showed no affidavit, warrant, information or indictment emanating from the authorities of the State of Louisiana, charging the petitioner with any offense against the laws of that state, and the exception should have been sustained and the petitioner discharged. But if the return had been sufficient, the petitioner had an unquestioned right to traverse the return, and to show that there was no copy of an indictment, information, affidavit or warrant emanating from the authorities of the State of Louisiana, charging petitioner with any crime, produced to the governor of the State of Mississippi, when he granted the warrant of extradition. " It must appear, therefore, to the governor of the state to whom such demand is presented, before he can lawfully comply with it, (1) that the person demanded is substantially charged with a crime against the laws of the state from whose justice he is alleged to have fled, by an indictment or an affidavit, certified as authentic by the governor of the state making the demand." *Roberts* v. *Reilly,* 116 U. S., 80; Am. & Eng. Enc. L., vol. 7, p. 638; *Robb* v. *Conally,* 111 U. S., 625.

The petitioner offered to show that he never committed the crime, as charged in the State of Louisiana, and that the proceedings resulting in his arrest, and the warrant of extradition was instituted and prosecuted for the purpose of compelling him to pay a debt claimed to be due to a resident of Louisiana.

On writ of *habeas corpus* the petitioner has a right to show that he has not committed the crime of embezzlement, and he has a right to show, moreover, the animus of the person who has instituted the proceeding. *Ex parte Slauson*, 73 Fed. Rep., 666.

TERRAL, J., delivered the opinion of the court.

John Devine, being in the custody of William Price, marshal of the city of Vicksburg, upon extradition proceedings instituted by the governor of the State of Louisiana, sued out this writ of *habeas corpus* before Chancellor Pintard, to be discharged therefrom. Price pleaded the executive warrant of the governor of the State of Mississippi, which is set out in his answer, and appears to be in the usual form of such warrants. At the hearing of the writ, the relator excepted to the return, upon the ground that it showed no affidavit or indictment emanating from the authorities of the State of Louisiana, charging him with any crime against the laws of that state. This exception was overruled. Thereupon, the relator offered to traverse the return and to show that the governor of the State of Mississippi, at the time of granting the warrant of extradition, had not received from the governor of Louisiana a copy of any affidavit or indictment charging the relator with a crime. This offer was denied him. The relator then offered to show that he had never committed any crime in the State of Louisiana. This offer was refused him. The relator duly excepted to the several rulings of the chancellor, and now here assigns the same as error.

Upon an examination of a good many authorities, we are of the opinion that the third exception is not maintainable. We find no case in which the guilt or innocence of the relator has been inquired into on *habeas corpus* proceedings. Such practice, we think, would be inconsistent with the laws relating to the extradition of fugitives from justice, and the current of authority is opposed to such inquiry. 2 Moore on Extradition, secs. 612, 632; *Matter of Fetter*, 57 Am. Dec., 395, note;

*Work* v. *Carrington*, 32 Am. Rep., 345 (34 Ohio St., 64); *Hartman* v. *Aveline*, 30 Am. Rep., 217 (63 Ind., 34).

We also regard the first assignment as untenable. It is a well settled principle of the common law that where acts are of an official nature or require the concurrence of official persons, a presumption arises in favor of their due execution. This is but an application of the maxim *omnia præsumunter rite esse acta.* Broom's Legal Maxim's *944. The principle that the executive warrant is *prima facie* evidence that all the necessary legal prerequisites have been complied with is sustained by many, perhaps by all, the authorities on the subject. *Davis' case*, 122 Mass., 324; *Com.* v. *Hall*, 9 Gray (Mass.), 262; *Roberts* v. *Reilly*, 116 U. S. Rep., 80; 9 Am. & Eng. Enc. L., 255, note 4.

The second assignment of error is based upon the refusal of the chancellor to permit the relator to traverse the return, and to show that there was no copy of an indictment or affidavit emanating from the executive of Louisiana charging the petitioner with any crime produced to the governor of Mississippi when he granted the warrant of extradition.

The power of the executive to extradite fugitives from justice is conferred by § 2162, code 1892, and the conditions of its exercise are prescribed by that statute.

In *Learned* v. *Mathews*, 40 Miss., it was held that every special statutory authority, even when applied to acts of public officers, must be strictly executed and all prescribed formalities observed.

In *Hopkins* v. *Sandidge*, 31 Miss., 668, the court held that a statute in derogation of the principles of the common law should be strictly construed, and that the courts of most of the states of the union have sanctioned the rule of confining their provisions within the most narrow limits of the language employed. One of the conditions of the issuance of the executive warrant is that the demand of the executive of the state where the crime is charged shall be accompanied with a copy of the affidavit or indictment, certified as authentic by such executive.

In the petition the relator admits that he is indicted for embezzlement in Madison parish, Louisiana. But this high authority of surrendering citizens of this state to the officers of another state for crime committed in the latter state is to be exercised by the governor upon a copy of the criminal charge duly authenticated—authenticated not by the judge or clerk of the court where the charge is made, not made known to him by the admission of the person charged, but by the executive of the state in which the crime is laid.

Section 2227, code 1892, by necessary implication, authorizes the courts to investigate, by *habeas corpus* proceedings, whether persons charged with an offense committed in any other part of the United States, ought, agreeably to the constitution of the United States or the laws of the state, to be delivered to the executive power of the state where the crime is charged to have been committed.

An almost unbroken chain of authorities, in all the courts of the country, both state and federal, which have looked into and passed upon the power of executives in surrendering alleged fugitives from justice, and the conditions under which this authority can be exercised by them, has settled, as we think, the jurisdiction of the courts in the premises. 2 Moore on Extradition and Interstate Rendition, secs. 628–641, inclusive; 7 Am. & Eng. Enc. L. (title Interstate Extradition), 630 *et seq.;* 28 L. R. A. (note to *Hart's case*), 801.

We think the relator should have been permitted to show by any competent evidence at his command, that the executive warrant was not based upon a copy of an affidavit or indictment for crime, certified to be authentic by the governor of the state of Louisiana.

*The judgment of the chancellor is therefore reversed, and the case is remanded for a new trial.*