PEOPLE ex rel. GREENBERG v. WARDEN OF CITY PRISON et al.

(Supreme Court, Appellate Division, First Department. May 22, 1903.)

1. EXTRADITION—FUGITIVES FROM JUSTICE—WARRANT FOR COMMITMENT—ESSENTIAL FACTS.

Code Cr. Proc. § 830, relating to proceedings against fugitives from justice, provides that if, from the examination under the warrant of arrest, it appears to the satisfaction of the magistrate that the person under arrest is charged in another state with felony or other crime, and has fled from justice, the magistrate, by warrant, must commit him to the proper custody. *Held*, that the essential facts which must appear, to justify the warrant, are that the person under arrest has been charged in another state or territory with the commission of a crime, and has fled from justice.

2. SAME—INFORMATION—SUFFICIENCY.

An information on which a warrant was granted was under oath, and alleged that relator, on a day named, hired a horse and wagon in New Jersey; that he failed to return them; that a complaint was made, charging him with the larceny of the property, on which charge he was duly indicted; and that after the commission of the crime he fled from New Jersey, and was then in the city of New York. There was no denial of any of these facts. *Held* sufficient to give the magistrate jurisdiction, and to justify the warrant.

Appeal from Special Term, New York County.

Isadore Greenberg was arrested, charged with being a fugitive from justice. From an order dismissing writs of habeas corpus and certiorari sued out in his behalf, he appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles Goldzier, for appellant.
Henry G. Gray, for respondents.

INGRAHAM, J. The relator presented to the Supreme Court a petition alleging that he was arrested, charged with being a fugitive from justice of the state of New Jersey, and was taken before a city magistrate, where he demanded an examination, which was refused, and he was committed to the custody of the warden of the city prison for 30 days. The return of the warden of the city prison showed that the relator was held under an order of the magistrate, which recited that on the 6th day of April, 1903, the relator was apprehended

and brought before the magistrate, under a warrant issued by him, as a fugitive from the justice of the state of New Jersey, charged with having committed the crime of grand larceny in said state, whereupon the magistrate duly proceeded to examine, under the said warrant, the accusation against the relator, and from said examination it appeared probable to the magistrate that the relator had committed the said crime in the state of New Jersey, and was charged in that state with the commission of said crime, and had fled from justice to this state; therefore the warden of the city prison was commanded to receive the relator in custody, and to detain him for the period of 30 days, to enable an arrest of the relator to be made under a warrant of the Governor of this state, on the requisition of the executive authority of the state of New Jersey. The return of the city magistrate alleges that he proceeded to examine into the facts and circumstances of the charge under the warrant of arrest, as required by section 830 of the Code of Criminal Procedure, and it appearing probable to the city magistrate, from the examination under such warrant, that the relator had committed the crime alleged, the city magistrate did commit the relator to the warden and keeper of the city prison for the period of 30 days, under the provisions of section 830 of the Code of Criminal Procedure. The information and papers upon which the magistrate acted are annexed to his return. The information is upon oath of one Mullin, a resident of Newark, N. J., who stated, upon information and belief, that the relator was charged with the crime of grand larceny in the city of Newark, state of New Jersey; that after the commission of said crime the relator fled from the state of New Jersey, and is now in the city and county of New York; that on the 19th day of September, 1902, the relator hired a horse and wagon, of the value of $250, from the deponent, at the livery stable of the deponent's father, in Newark, N. J., with the understanding that he would return the property on the night of the same date, which he failed to do, and has not since returned the property or accounted for it in any way; that complaint was made against the relator, charging him with the larceny of the said property. When the relator was arrested and taken before the city magistrate, he was duly examined, but refused to answer any question, and refused to sign his examination. The relator filed a traverse to this return, whereupon the court dismissed the writ.

I think there was sufficient evidence before the magistrate to justify him in holding the relator. There was evidence that the relator had been charged in the state of New Jersey with the crime of grand larceny. The oath of the complainant was sufficient to justify the magistrate in holding the relator, under section 830 of the Code of Criminal Procedure. That section provides that:

"If from the examination under such warrant it appears to the satisfaction of the magistrate that the person under arrest is charged in such other state or territory with treason, felony or other crime, and has fled from justice, the magistrate, by warrant reciting the accusation, must commit him to the proper custody in his county for a time specified in the warrant, to enable an arrest of the fugitive to be made under the warrant of the Governor of this state."

The essential facts which must appear, to justify the warrant, are that the person under arrest has been charged in another state or territory with the commission of a crime, and has fled from justice. The information upon which this warrant was granted is under oath, sworn to before the magistrate, and alleges that the relator, on a day named, hired a horse and wagon in the city of Newark, state of New Jersey; that he failed to return that horse and wagon; that a complaint was made against the relator, charging him with the larceny of the property, upon which charge the relator was duly indicted by the grand jury of Essex county; and that after the commission of the crime the relator fled from the state of New Jersey, and is now in the city of New York. There was no denial of any of these facts, and this information under oath was sufficient to give the magistrate jurisdiction and to justify the warrant.

The court below therefore properly refused to discharge the relator, and the order appealed from is affirmed. All concur; PATTERSON, J., in result.