## Ex Parte Thomas W. Edwards.

### [44 South., 827.]

Extradition. *Interstate. Habeas corpus. Arrest. Bail. Evidence. Burden of proof. Code* 1906, § 2446.

On habeas corpus to test the validity of an arrest and imprisonment under extradition proceedings:—

(a) The petitioner, under the statute, Code 1906, § 2446, prohibiting the discharge on habeas corpus of any person charged with an offense committed in any other part of the United States, is not entitled to be liberated on bail, although the offense charged be bailable where committed;

(b) The executive warrant is *prima facie* evidence that the governor issuing it was in possession of facts justifying its issuance;

(c) The executive warrant is also *prima facie* evidence that the person ordered arrested is a fugitive from justice, and the fact that he is in this state after the commission of the crime charged in the other state makes him such a fugitive; and

(d) Testimony of an alibi is properly excluded, being a defense on the merits it should be proved on the trial in the state where the crime is charged to have been committed.

From the *habeas corpus* judgment of Hon. Eugene O. Sykes, Circuit Judge, sitting in vocation at Aberdeen, Monroe county.

The relator was remanded to custody and appealed to the supreme court.

The facts are stated in the opinion of the court.

*Leftwich & Tubb,* for appellant.

When a citizen of the state of Mississippi is in the custody of the sheriff under a warrant for extradition from the governor, and brings the matter to the attention of the courts by *habeas corpus,* what showing must the state authorities make in order to detain the prisoner and turn him over to the authorities of another state for transportation thereto?

The courts seem to differ as to the proper procedure in this state of the case, and our own courts seem to have never passed directly on the question. It should be remembered that extradition can only be made by virtue of the statutes of the United States and only then for a fugitive from justice. U. S. Rev. Stat., § 5278.

We contend that when a citizen is detained in custody under the circumstances here shown in this record, that a full showing of all the prerequisites ought to be required by the prosecuting authorities before the courts themselves. It must be remembered that the hearing before the governor is usually formal and *ex parte,* no notice is given to the alleged fugitive. The governor only acts as an executive and not as a judicial officer, and when his acts are challenged, the state authorities detaining the alleged fugitive should exhibit to him, not only a transcript showing the offense with which he is charged and the time and place of the alleged commission duly certified, but the proper demand from the extraditing state so that the entire matter can be looked into by the judge or chancellor in a proceeding calculated to try the facts, test the good faith of the demanding authorities and determine whether or not the right to extradite the citizen exists.

The supreme court of Indiana said: " It seems to us that a citizen ought not to be arrested and surrendered to the authorities of another state or territory, as a fugitive from justice, without some better foundation for his arrest and surrender than a recital in a governor's requisition," citing

*Ex parte Joseph Smith,* 3 McLean, 121. *Hartman v. Abeline,* 30 Am. Rep., 223.

The care and investigation which courts of the most enlightened character make of this class of cases may be illustrated by cases from the supreme court of Alabama, the demanding state in the instant case: *Compton v. State,* 44 South., 685; *Barriere v. State,* 39 South., 55.

To require the relator himself to produce this evidence is too rigid a rule, for it is necessarily in the hands of the state authorities — these documents are themselves under the dominion of the state authorities. Under the sacred writ of *habeas corpus,* the authority of the state to transport a citizen to a foreign state, there should be allowed an inspection of all documents filed before the governor, that the court may test the regularity of the proceedings. The writ of *habeas corpus* is a most cherished and sacred asylum, to which the citizen may always flee when unlawfully restrained of his liberty. The courts in passing upon the efficiency of such a writ to take a citizen from his home and state to foreign shores should certainly have all the light that was furnished to the executive and any additional light that can be reflected on the case. In *Ex parte Devine,* 74 Miss., 715, our court has already decided that relator in a writ of *habeas corpus* may show that the proper authenticated affidavit or indictment was not in the hands of the governor when the warrant of extradition was issued. We think the rule should be enlarged to the extent of requiring the prosecution, when the right of the state authorities to hold a prisoner is challenged, to produce first a copy of the demand from the governor of the demanding state; second, a certified copy of the affidavit or indictment, all duly authenticated by the governor of the demanding state; third, the extradition warrant; thus only can the citizen's rights be thoroughly safeguarded. We submit that the proper practice is followed by many states that require all of these documents to be exemplified and attached to the war-

rant itself. It will be observed that the extradition warrant of Governor Vardaman fails to show that any of the statutory requirements were met by the demanding state, except that the demand was made upon him by the governor of the state of Alabama. It does not show or allege on its face that a certified copy of the affidavit or indictment, duly authenticated by the governor of Alabama, was before him when he issued the extradition warrant or mandate for the arrest of detention of relator. 8 Ency. Pl. & Pr., 820, and notes.

Certainly the governor's rendition warrant cannot be *prima facie* evidence of what is not alleged in it.

It will be further observed that pending appeal the court refused bail to relator. It seems that this was done under the authority of *Ex parte Wall,* 84 Miss., 783. It will be observed that in *Ex parte Wall* the crime in which relator is charged was not bailable in the state of Louisiana, but we apprehend that it will not be denied that bail is allowable in both Mississippi and Alabama to a defendant charged with burglary and larceny; therefore, a different rule ought to be applied in this case.

We hardly think it will be denied that the court on *habeas corpus* has the right to look into the regularity of the extradition warrant granted by the governor of a state. Cases *supra; Ex parte Riggell,* 29 Lawyers' Ed. U. S. Rep., 250; *Hyatt* v. *New York,* 47 L. R. A., 657; 19 Cyc. 86 and 87.

No rule of comity can over-ride the statutory conditions imposed by Congress whereby only a fugitive from justice can be extradited, and no man is a fugitive from justice who was not in the demanding state when the alleged crime was committed. *State of Tennessee* v. *Jackson,* 1 L. R. A., 370, and note; *Ex parte Riggell,* 29 Law Ed. U. S. Rep., 250; *Ex parte Hart,* 28 L. R. A., 801; *State* v. *Hall,* 28 L. R. A., 289.

We submit to the court that the refusal of the circuit judge to hear the evidence offered which was to show that Edwards

had never fled the state of Alabama, was palpable error; this evidence was competent by the decisions of all the courts.

"When it is conceded, or when it is conclusively proved that no question can be made that the person was not in the demanding state when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time, in the demanding state, then the court will discharge the defendant. *Hyatt* v. *New York,* 188 U. S., 691; 47 L. Ed., 657; 23 Sup. Ct. Rep., 456; affirming the judgment of the New York Court of Appeals, 172 N. Y., 176; 60 L. R. A., 774; 92 Am. St. Rep., 706; 64 N. E., 825.

*D. W. Houston, contra.*

It was not at all necessary that the extradition warrant should be accompanied by a copy of the demand of the governor of Alabama on the governor of Mississippi, or by the original indictment or affidavit, or copies of same, certified as authentic by the governor of Alabama. These are necessary legal prerequisites to the issuance of said extradition warrant by the governor of Mississippi, made so, not only by our statute, § 2378, Code 1906, but by the act of Congress, § 5278, Rev. Statutes U. S., and, on familiar principles, he is presumed to have performed his duty and required these, before issuing his warrant; and hence the warrant itself is *prima facie* evidence that all of these prerequisites have been complied with. This precise point was decided, and adversely to the contention of relator, under precisely similar circumstances and exceptions, in *Ex parte Devine,* 74 Miss., 715.

This extradition warrant is in the usual form; and recites on its face that "whereas the governor of Alabama has made known to me" (Governor Vardaman of Mississippi) "that Thomas Edwards stands charged with having committed the crime of burglary and grand larceny in the county of Lamar, state of Alabama." It also recites that it appears that said

91 Miss.—40

Thomas Edwards has fled from justice, etc.    It further recites
that " the governor aforesaid (of Alabama) has demanded of
me the arrest and delivery of said Thomas Edwards," etc.

As the law required the governor of Alabama to make the
demand, and when he made the demand, to accompany it with
a certified copy (duly authenticated by him) of the original
indictment or affidavit against the accused and, as it was the
sworn duty of the ·governor of Mississippi not to honor or
grant the requisition until this was done, there is a double
presumption that both performed their duty; and the warrant,
showing on its face, that the governor of Alabama made this
demand, it is presumed, of course, that he made the proper and
legal demand and that he " made known " to the governor of
Mississippi in the legal and proper way (by certified authenti-
cated copy) that Edwards stood charged with having committed
the crime of burglary and larceny in the county of Lamar," etc.

It will also be noticed that opposite counsel are mistaken in
stating that the warrant failed to show or state any crime
against the relator.    It specifically states what the crimes were
burglary and grand larceny and where they were committed.

The evidence offered by relator was incompetent and inad-
missible in such a proceeding, and was clearly subject to the
objection made thereto.    The crimes charged against relator,
as shown by the recital of the extradition warrant and relator's
own petition and evidence, were burglary and grand larceny,
committed at Vernon, Lamar county, Alabama, crimes which
exnecessitate, required the personal presence of the defendant
at Vernon in Lamar county, Alabama, at the time.    Relator
offered to prove that at said time he was not at Vernon,
Lamar county, Alabama, but he was at home in Monroe county,
Mississippi.    This was offered under the idea that he had a
right to show that he was not a fugitive from justice.    Most
certainly, to admit this evidence in such a case as this, would
be nothing more or less than an attempt to prove an alibi,
thus necessitating going fully into the trial of the guilt or

innocence of the defendant; which all of the authorities from all states agree in holding cannot be done, as counsel admit. See note to 62 C. C. A., 513, 514. *Ex parte Devine,* 74 Miss., 715.

This was in effect and in fact an offer to show that relator never committed any crime in the state of Alabama; which this last case holds is incompetent.

If, under the guise of proving that relator was not a fugitive from justice, such evidence is permitted, then the undoubted and universal rule of law, that the guilt or innocence of relator cannot be inquired into in such a proceeding, is rendered entirely nugatory or worthless.

Calhoon, J., delivered the opinion of the court.

Edwards was taken into custody by the sheriff on a warrant by the governor for his arrest and delivery to an agent of the governor of Alabama for extradition to that state on a charge of burglary. This charge involves his personal presence there. He was refused discharge, and appeals.

The warrant of arrest for extradition is in the usual form. Mississippi has no statute allowing bail in such cases, either pending trial or on appeal. Some states have. Ours expressly denies it. Code 1906, § 2446; *Ex parte Wall,* 84 Miss., 783; 38 South., 628; 3 Fed. St. Ann., p. 87. It can make no difference under the statute whether or not the offense was bailable in the state of its commission. That is the place to get it.

The executive warrant for rendition is *prima facie* evidence in all cases that the governor was in possession of the facts giving the legal basis of his action. *Ex parte Devine,* 74 Miss., 715; 22 South., 3; 3 Fed. St. Ann., p. 85. And, if he had not, the person arrested must show it, as he might easily do. We decline to enlarge the scope of the *Devine case.*

The executive warrant is in all cases *prima facie* evidence, also, that the person arrested is a fugitive from justice; and the fact that he is in this state after the crime charged in Alabama makes him such a fugitive within the meaning of the

federal statute. 3 Fed. St. Ann., p. 80; *Barranger* v. *Baum,* 103 Ga., 465; 30 S. E., 524; 68 Am. St. Rep., 113, and notes.

The presiding judge below properly excluded testimony of an alibi. That is for the Alabama court on the trial; it being a defense on the merits.

It must be noted that there is no question that Edwards is the identical man wanted by Alabama. Neither is there a pretense that the process was resorted to in fraud, or for the accomplishment of private ends. The governor would have heard any objections as to these, and countermanded his warrant, if satisfied of either, as we make not the slightest doubt. Certain it is that no such questions are disclosed in this record. If there were, we do not say the courts might not consider them.

*Affirmed.*