PEOPLE ex rel. MARCI *v.* HANLEY, as Warden, etc.

(Supreme Court, New York Special Term, December, 1921.)

Criminal procedure — sentence — habeas corpus — defendant can-
not show on habeas corpus a change in the decision of the
magistrate in imposing sentence — judgment of commitment
reviewable by appeal only — city of New York — Inferior
Criminal Courts Act, § 88(3).

   Under section 88(3) of the Inferior Criminal Courts Act, a
magistrate in the city of New York, upon convicting a defend-
ant of disorderly conduct, may lawfully impose a sentence of
six months in the workhouse, and a warrant of commitment
reciting such a sentence is a final judgment, reviewable only
by an appeal.

   A defendant so convicted and sentenced is precluded from
showing on habeas corpus that the magistrate, after sentencing
him to pay a fine and serve three months in the penitentiary,
changed the decision and imposed the sentence recited in the
warrant of commitment, and the writ of habeas corpus will be
dismissed and relator remanded.

HABEAS corpus.

Meyer Greenberg, for relator.

Edward Swann, district attorney, and Michael J.
Driscoll, deputy assistant district attorney, opposed.

   BURR, J.   This is a proceeding instituted on a writ
of habeas corpus obtained by the relator, Marci,
directed to the warden of the city prison.  The warden
has duly made a return to the said writ which states
in substance that the relator was convicted by City
Magistrate Sweetser on the 4th day of October, 1921,
for the offense of disorderly conduct, pertaining to a
breach of the peace, and was sentenced to the work-
house for a period of six months.

The relator raises an issue concerning an alleged endorsement on the affidavit for the offense of disorderly conduct to which he pleaded guilty. Relator contends that he was sentenced to pay a fine of fifty dollars and to serve three months in the penintentiary and that thereafter the city magistrate changed this decision and sentenced him to a term of six months in the workhouse.

The relator is precluded from going behind the commitment of the magistrate. That is the final determination of the issue. The warden holds the relator by virtue of such commitment.

A warrant of commitment of an inferior court is conclusive and the facts may not be inquired into. *People ex rel. Smith* v. *Van De Carr,* 86 App Div. 9, 13; *People ex rel. St. Clair* v. *Davis,* 143 id. 579.

Section 88, subdivision 3, of the Inferior Criminal Courts Act of the City of New York concerning a commitment of persons convicted of disorderly conduct provides: " The magistrate may commit such person, whether male or female, in the boroughs of Manhattan, Brooklyn, Queens and The Bronx, to the workhouse on Blackwell's Island, and in the borough of Richmond to the said workhouse or to the county jail, for a definite term not exceeding six months."

It is, therefore, evident the city magistrate had jurisdiction to commit relator to the workhouse for a period of six months. The relator being committed by a final order of a court of competent jurisdiction the writ of habeas corpus will not lie. See Code Civ. Pro. § 2016, subd. 2; Civil Practice Act, § 1231, subd. 2.

A commitment by a city magistrate having summary jurisdiction of an offense (disorderly conduct) is in itself a final judgment. *People ex rel. St. Clair* v. *Davis,* 143 App. Div. 579; *People ex rel. Kuhn* v. *P. E. House of Mercy,* 133 N. Y. 207; *Cohen* v. *Warden,*

150 N. Y. Supp. 596; *People ex rel. Price* v. *Hayes,* 151 App. Div. 561; *Matter of Cropsey* v. *Tiernan,* 172 id. 435.

A writ of habeas corpus cannot be made to perform the function of a writ of error. Upon habeas corpus proceedings the court examines only the power and authority of the court to act, not the correctness of its conclusions. Relator's remedy, if any, is by appeal. *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46; *Matter of Gregory,* 219 U. S. 210.

As the city magistrate had jurisdiction of the person and of the offense and had the authority to inflict the punishment, the writ of habeas corpus is dismissed and relator remanded to the workhouse under the judgment of conviction.

Writ dismissed.