THE PEOPLE OF THE STATE OF NEW YORK ex rel. RALPH H. MUMBULO and Another, Relators, *v.* REXFORD P. ORMSBY, as Sheriff of the County of Chenango, Respondent.

Supreme Court, Chenango County, April 14, 1930.

*Percy J. Thomas* [*Ward N. Truesdell* of counsel], for the relators.

*Frank W. Barnes, District Attorney,* for the sheriff of Chenango county.

ABRAHAM L. KELLOGG, J. The relators, Ralph H. Mumbulo and Edna M. Mumbulo, are held by the sheriff of Chenango county, pursuant to a warrant received by him from the authorities of Erie county, Penn., which states that they are wanted in that State to answer the charge of murder. The sheriff has, therefore, been requested to hold them in custody, pending application for their requisition to the Governor of the State of New York.

Thereupon the relators made application for and obtained a writ of habeas corpus, wherein their discharge was and is sought upon the ground that the warrant in the hands of the sheriff is wholly insufficient to hold them longer in his custody, and that they are, by reason thereof, illegally and unlawfully detained and deprived of their liberty.

The sheriff, in his return, states that he had detained the relators prior to his receipt of the warrant by registered mail, and was informed that application for their requisition would be made through the regular channels.

He further states that since the application for the writ of habeas corpus was made, an information was laid before the city judge of Norwich, N. Y., charging said defendants with being fugitives from justice of the State of Pennsylvania, and a warrant issued thereon, pursuant to section 828 of the Code of Criminal Procedure, and that the said defendants have been duly arraigned thereon, advised

of their rights, and the charge against them, and that they were duly represented by Percy J. Thomas and Ward N. Truesdell, their attorneys, who demanded a hearing thereon, and that a hearing was thereupon had, testimony being taken, and the defendants given an opportunity to present proof; that the said magistrate duly held the defendants, pursuant to section 830 of the Code of Criminal Procedure, and duly committed them to him, as sheriff of the county of Chenango, by a commitment attached thereto; that the said Ralph H. Mumbulo and Edna M. Mumbulo are still in his custody, by him detained, by virtue of the said commitment and that he is advised by the district attorney of Chenango county that the defendants are lawfully under arrest and should not be discharged therefrom, and should be held awaiting the action of the Governor of this State.

A citizen of another State may be arrested in this State for a felony committed in another State, although all steps have not been taken which would justify the rendition of the persons so arrested.

The right to arrest a non-resident suspected of committing a felony in a foreign State should be considered in the same manner as the right to arrest a resident.

Officers of public safety in this State are justified in making an arrest of a non-resident within this State, upon information received by telegraph from the police department of a city of this State, or of another State, that a felony has been committed in a foreign State, and that the person designated is suspected of the crime.

Murder is a felony, and our statutes do not require that the crime should be committed in this State, in order that the offender may be arrested, even without a warrant, if there is reasonable cause to believe that the person arrested committed it. (*Burton* v. *New York Central & Hudson River R. R. Co.*, 147 App. Div. 557; affd., 210 N. Y. 567.)

The provisions of the Federal Constitution and statutes do not limit the power of a State to arrest, within its boundaries, a citizen of another State for a crime committed elsewhere, nor do they prescribe the manner in which such arrest shall be made, whether with or without a warrant. There is no immunity from arrest before requisition. (*Burton* v. *New York Central & Hudson River R. R. Co.*, 245 U. S. 315.)

There should be, and can be, no doubt that in this State it is the duty of an officer of the law to arrest a person within its territorial jurisdiction who may be charged with having committed in another State such a crime as murder, and hold him, or them, for a warrant to be issued by the Governor of this State upon the requisition of the Governor of another State in which it is charged such crime was committed. (*Rogers* v. *McCoach*, 66 Misc. 85.)

The commitment of the relators, as fugitives from justice, by the judge of the City Court of Norwich is a complete defense to the writ.

The laws of the State of New York provide for a proceeding for a commitment by a magistrate. The cases in this State have held that the only inquiry, where a person is held in custody under a commitment issued by a magistrate, is whether the magistrate had jurisdiction in the case and authority to pronounce the judgment rendered for the cause assigned. The decision of the magistrate may not be reviewed and so it is not essential to return the evidence on the trial. If the process be valid on its face, the burden of impeaching its validity rests upon the prisoner. That portion of the provision of law requiring the court or judge before whom the prisoner is brought to proceed in a summary way to hear the evidence has no application unless the material allegations showing jurisdiction are controverted by proper traverse. (*People ex rel. Danziger* v. *P. E. House of Mercy*, 128 N. Y. 180; *People ex rel. Greenberg* v. *Warden, etc.*, 83 App. Div. 456.)

The jurisdiction of the magistrate to issue a commitment is properly presented on habeas corpus by traversing the return and by presenting the information or evidence upon which the magistrate acted. This affirmative duty is upon the prisoner. (*People ex rel. Farley* v. *Crane*, 94 App. Div. 397.)

A traverse to a return in habeas corpus proceedings, so far as any allegations of fact are concerned, is to be tested by the general requirements of pleading and mere general allegations are insufficient. (*People ex rel. Patrick* v. *Frost*, 133 App. Div. 179.)

Upon habeas corpus proceedings the court examines only the power and authority of the court to act, not the correctness of its conclusions. Relators' remedy, if any, is by appeal. (*People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46; *Matter of Gregory*, 219 U. S. 210; *People ex rel. Marci* v. *Hanley*, 117 Misc. 455.)

A detention order issued by a court having jurisdiction cannot be collaterally attacked in habeas corpus proceedings. (*People ex rel. Strohsahl* v. *Strohsahl*, 221 App. Div. 86.)

There is no question here as to the identity of the relators, or that they are the persons wanted to respond to the charge of murder in the State of Pennsylvania.

There are two writs here, but for the purposes of the decision of the court they have been treated as one.

The relators are hereby remanded to the custody of the sheriff of the county of Chenango, to be by him detained, pending the arrival of extradition papers from the Governor of this State.