Ex Parte Raymond Rummerfield, Petitioner, v. Alex Watson.—70 S. W. (2d) 895.

Court en Banc, April 26, 1934.

*Don Purteet* for petitioner.

*Wm. O. Sawyers,* Assistant Attorney-General, for respondent.

TIPTON, J.—The relator, restrained of his liberty on a warrant of the Governor of this State, issued upon a requisition of the Governor of Oklahoma, invokes *habeas corpus* to effect his release.

Relator, charged with robbery, pleaded guilty and was sentenced to imprisonment in the Oklahoma penitentiary for a term of five years, on December 31, 1929. In accordance with the laws of that State, he was paroled for a period of ten years on June 13, 1931, which parole was revoked April 19, 1933, for the reason that said relator was received at the Missouri penitentiary on March 23, 1933, to serve a sentence of two years for the crime of uttering bogus checks, which was in violation of his conditional liberation. Upon the completion of his sentence at the Missouri penitentiary he was released and is held in custody of respondent, the agent and messenger for the State of Oklahoma, under the authority above stated. This requisition was applied for and granted to secure the relator's return to the State of Oklahoma, to satisfy the judgment there pending against him. Other pertinent facts will be stated in the course of this opinion.

Interstate extradition is governed by the Federal Constitution and statutes. We quote the following provisions:

"A person charged in any State with treason, felony, or other crime, who shall flee from justice and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime." [Sec. 2, Art. 4, Constitution of United States.]

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed a treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged.

All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand, shall be paid by such State or Territory.'' [Sec. 5278, R. S. of the United States (18 U. S. C. A., sec. 662).]

''As has often been said, the duty of the executive of an asylum state to deliver a fugitive from justice to the authorities of a demanding state does not rest upon the principle of comity, but on constitutional obligation. The clause of Section 2, Article 4, of the Constitution, just quoted, creates such duty, and confers the power upon Congress to deal with that subject. Section 5278, Revised Statutes of the United States, prescribes the terms governing interstate extradition. Sections 3934 and 1908 of the Missouri statutes disclose on their face that they are intended to be in aid merely of the Federal law.

''According to said Section 5278, before the Governor of one state is authorized to honor the requisition made on him by the Governor of another state for the delivery of an alleged fugitive from justice, these facts must be made to appear: (1) that the person named in the requisition is demanded as a fugitive from justice; (2) that the demanding executive has produced a copy of an indictment found . . . charging the person demanded with having committed a crime; (3) that such copy has been certified as authentic by the Governor of the state making the demand; and (4) that the person demanded is a fugitive from justice. These facts are jurisdictional. [Commonwealth ex rel. v. Superintendent of County Prison, 220 Pa. St. 401, 69 Atl. 916, 21 L. R. A. (N. S.) 939.] If they exist, they authorize interstate extradition. *If any of them are wanting, the Governor of the state upon whom the requisition is made has no authority to deliver up the person demanded for removal to another state.* [Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544; Ex parte Spears, 88 Cal. 640, 26 Pac. 608, 22 Am. St. Rep. 341.] ·The question of whether or not the Governor in a given case has exceeded his authority, that is, has honored the requisition of the Governor of another state when the jurisdictional facts just referred to, or some of them, were nonexistent, may be determined by a judicial review of the proceedings had before him touching the requisition. Whether he has so exceeded his authority is, however, the only question that may be inquired into by a judicial tribunal. [Drew v. Thaw, 235 U. S. 432, 35 Sup. Ct. 137, 59 L. Ed. 302; Barranger v. Baum, 103 Ga. 465, 30 S. E. 527, 68 Am. St. Rep. 113; also Sec. 1908, Mo. Stat., supra.]'' (Italics ours.) [State ex rel. v. Westhues, 318 Mo. 928, 2 S. W. (2d) 612, l. c. 615.]

Relator contends that the requisition should not have been honored, because it was not accompanied by a copy of an indictment or an affidavit made before a magistrate of the State of Oklahoma.

At the hearing of this cause, the respondent frankly admitted this to be true; but he states that in lieu of a copy of the indictment or affidavit, the Governor of Oklahoma has produced a copy of the judgment and sentence of the District Court of Carter County, Oklahoma, wherein the relator was found guilty of robbery and sentenced to five years' imprisonment in the Oklahoma penitentiary.

Section 5278, supra, expressly states in substance that whenever the executive of any State demands any person as a fugitive from justice of the executive authority of any State to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate, charging the person demanded with having committed a crime, it shall be the duty of the executive of the State to which such person has fled to cause him to be arrested, and delivered to the agent of the demanding State.

This statute makes no distinction between a person sought before or after conviction. In both instances, if the statute is complied with it is necessary for the demanding executive to produce a copy of the indictment or a copy of the affidavit.

"Without the Federal statute there would be no extradition between states, nor could there be harmony of law." [Ex parte Hagan, 295 Mo. 435, 245 S. W. 336, l. c. 338.] In speaking of Section 2, Article 4, of the United States Constitution, the Supreme Court, in the case of Roberts v. Reilly, 65 Sup. Ct. 291, 116 U. S. 80, 29 L. Ed. 544, said: "It is not, in its nature, self-executing." Before the executive of the asylum State may remand a person to the demanding State the Federal statutes must be substantially followed.

In construing Section 5278, supra, this court in the case of **Ex** parte Hagan, supra, in an opinion by GRAVES, J., said:

"The first section, supra, clearly indicates (1) that the person must be a fugitive from justice, and (2) that the demanding executive must show (a) that this alleged fugitive is in fact a fugitive from justice, and (b) such demanding executive must produce and file 'a copy of an indictment found, or an affidavit made before a magistrate.' *The demanding state must produce one or the other of these two instruments, and without the one or the other the surrendering executive is without authority to issue a rendition warrant.*" (Italics ours.)

It is true in the Hagan case, the petitioner was charged with a crime, but not convicted. We believe that Section 5278, supra, contemplates the return of a fugitive from justice either before or after conviction and that is what all the cases seem to hold. We have not found a case that dispenses with the necessity of producing a copy of an indictment or affidavit where there has been a previous conviction. Nor has counsel cited us any. Respondent, to uphold the legality to the proceeding in the case at bar, has cited our case of

Albright v. Clinger, 290 Mo. 83, 234 S. W. 57. But that case is not in point, because the opinion expressly states that an indictment accompanied the extradition papers. The opinion said: "The repeated statement of the offense—i. e., the nonsupport of minors—the *indictment* and sentence, and the averments contained in the formal application of the Governor of Ohio for the requisition, leaves no doubt as to the grounds upon which relator's return is sought." (Italics ours.)

It has been suggested that after conviction, the indictment merged into the judgment and that the production of a copy of the judgment and sentence dispensed with the necessity of producing a copy of the indictment or affidavit. This suggestion is not sound.

In the leading case of Hughes v. Pflanz, 138 Fed. 980, the court said:

"But it is contended that he is not a person charged with crime, within the meaning of the Federal Constitution and statute relating to extradition from one state to another; that the term 'charged with crime,' used in the Constitution and statute, means a charge by indictment or affidavit made before a magistrate, and that the charge must be a pending charge, on which the relator could be tried when returned to the demanding state, and not a judgment of conviction, upon which he would be returned to the administrative authorities; that although the relator has been tried, convicted, and sentenced in the State of Indiana, and the term of sentence has not yet expired, there is no authority under the Constitution and statute for compelling his return. . . .

"The term 'charged with crime,' as used in the Constitution and statute, seems to us to have been used in its broad sense, and to include all persons accused of crime. It would be a very narrow and technical construction to hold that after the accusation, and before conviction, a person could be extradited, while after conviction, which establishes the charge conclusively, he could escape extradition. The object of the provision of the Constitution and statute is to prevent the escape of persons charged with crime, whether convicted or unconvicted, and to secure their return and punishment if guilty. *Taking the broad definition of 'charged with crime' as including the responsibility for crime, the charge would not cease or be merged in the conviction, but would stand until the judgment is satisfied.* It would include every person accused, until he should be acquitted, or until the judgment inflicted should be satisfied. *Any other construction would prevent the return of escaped convicts upon the charge under which they had been sentenced, and defeat in many instances the ends of justice.*" (Italics ours.)

The Supreme Court of the Territory of Hawaii, in the case of In re Gertz, 21 Hawaii, 526, l. c. 530, said:

"The only remaining points made on behalf of the petitioner which require notice are the contentions of counsel that the original complaint against the petitioner has become merged in the judgment of sentence of two years' imprisonment, so that there is not now pending and undisposed of in California any charge by indictment, information, affidavit or otherwise against the petitioner; and that, the petitioner, having been released from custody on parole, is not considered a fugitive from justice because he left the county of Sacramento and came to this Territory in violation of the terms of his parole. The law is against the petitioner on both points."

In the case of State ex rel. v. Remann, 4 Pac. (2d) 866, the Supreme Court of the State of Washington held that in extradition proceeding, involving an escaped convict, a person is "charged" with crime after his conviction as well as before.

In the case of People ex rel. Hutchings v. Mallon, Warden, 218 N. Y. Supp. 432, the Supreme Court, Appellate Division, held that persons convicted off crime are "charged" within the Constitution of the United States, Article 4, Section 2, and Revised Statutes (U. S.) Section 5278, relating to extradition.

In the case of Ex parte Carroll (Tex.), 217 S. W. 382, the court of Criminal Appeals of Texas held that, "the fact that the relator had been convicted under the indictment charging him with forgery does not prevent his extradition."

In the case of Drinkall v. Spiegel, Sheriff, 68 Conn. 411, the court said:

"A person can be said to be charged with a crime as well after conviction as before. The conviction simply establishes the charge conclusively. An unsatisfied judgment of conviction still constitutes a 'charge' within the true intent and meaning of the Constitution. An indictment or affidavit merely *presents* the charge, while a conviction *proves* it. *To warrant extradition, the statute requires an indictment or affidavit charging a crime; but if, in addition thereto there is also presented a record of conviction, the case is not weakened, but rather strengthened.*" (Italics ours.)

In 2 Moore on Extradition, page 839, it is said:

"The term 'charged' applies to persons convicted as well as to persons merely sought for the purpose of trial. Where a person is convicted of crime, his sentence of imprisonment can be satisfied only by actual service of his term in prison. Hence, if he escapes, the term ceases to run, and he may, after its nominal expiration, be brought back to serve the unexpired balance of his term."

Thus, we see that the "charge" is not merged in the judgment of conviction. We have previously stated, that in extradition proceedings, it is essential that there be a copy of the indictment or affidavit furnished to executive of the asylum state and if neither

are presented he does not have jurisdiction to grant the requisition. If there is found in the requisition paper a copy of a judgment of conviction, it only proves the charge. Such paper is wholly unnecessary to sustain the validity of the requisition.

It was admitted that there was not a copy of the indictment or affidavit presented the chief executive of this State in this proceeding. For us to hold that a copy of the judgment of conviction could be substituted for a copy of the indictment or affidavit required by Section 5278, supra, would be usurping the functions of Congress. This we cannot do. It follows that the relator is entitled to his discharge: and it is so ordered.

Other matters need not be discussed.

The relator is discharged. All concur, except *Ellison* and *Hays, JJ.*, absent.