LOPER *v.* DEES, SHERIFF.

Division A. Jan. 2, 1951.

No. 37756 (49 So. (2d) 718)

**W. T. Weir,** for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**Ethridge, C.**

In this habeas corpus proceedings appellant questions the sufficiency of a requisition for extradition of appellant, executed by the Governor of Texas, and a rendition or extradition warrant issued by the Governor of Mississippi.

On or about January 6, 1950, appellant, Otis M. Loper, was arrested on suspicion by appellee Elmer Dees, Sheriff of Neshoba County, Mississippi, as a fugitive from justice. The Sheriff based the arrest upon pictures and bulletins sent to him and other law enforcement officers by the

Texas authorities. Appellee, at the time of the arrest of appellant, had no warrant for Loper's arrest, but on the day of the arrest appellee telephoned the Texas prison from which appellant had escaped, and the Texas authorities immediately telegraphed appellee to hold appellant for extradition to Texas. On January 6, apparently almost immediately after appellant had been arrested, appellant filed in the Circuit Court of Neshoba County, Mississippi, a petition for a writ of habeas corpus against appellee, sheriff, as defendant. Petitioner alleged that he was being illegally and forcibly restrained of his liberty contrary to law; that he had been indicted in August, 1947, by the Grand Jury of Harris County, Texas, for statutory rape, and that November 17, 1947, he was convicted of rape and sentenced to fifty years in the Texas State Penitentiary. Petitioner then undertook to attack his Texas conviction, charging that he had been deprived of the rights of preliminary hearing, to submit evidence in his behalf, to have witnesses, and to be confronted by the witnesses against him, and that the indictment for statutory rape was not changed to common-law rape prior to his conviction. A fiat was issued by the Circuit Judge setting the petition for hearing on January 14. On that day appellee filed an answer in which he stated that petitioner had been convicted of rape in the aforesaid Texas court, and sentenced to fifty years in the Texas penitentiary; appellant had escaped from that penitentiary and was a fugitive from justice; and "on information from the authorities of the State of Texas" appellee was holding Loper for them. A hearing was not had on the petition for writ of habeas corpus until January 21. Apparently the delay was caused by the time required to obtain requisition papers from Texas, and an extradition warrant based thereon from the Governor of Mississippi.

On January 21 appellee filed an amendment to his answer, in which he stated that he was holding Loper under a warrant from Governor Fielding Wright of Mis-

sissippi, directing him to arrest Loper and to deliver him to stated Texas authorities serving as agents for the Governor of Texas. A copy of the extradition warrant, issued by the Governor of Mississippi, was attached to the answer. It recited that the Governor of Texas "has made known to me that Otis Loper stands charged with having committed the crime of rape", that he had fled from justice, that R. R. Miller had been appointed by the Governor of Texas to receive and convey Loper to the jurisdictional limits of Texas, and directed the sheriff to deliver Loper to Miller or his deputy. This Mississippi extradition warrant was later introduced in evidence, as was a requisition from the Governor of Texas, appointing his agent to proceed to Mississippi "for the purpose of demanding and receiving from the proper authorities of the said state Otis Loper. . . ." A hearing was then had on appellant's petition. He did not testify, the only witnesses being the sheriff, appellee, and the representative of the Texas Governor, who identified appellant. On January 21 the court found that appellant was a fugitive from justice of Texas, that the Texas requisition and Mississippi extradition warrant were sufficient, and dismissed the petition.

Appellant urges that his original arrest by appellee was unlawful, being without a warrant and on mere suspicion, and that therefore he should be released. However, Mississippi Code 1942, Sec. 2472, authorizes the arrest of a fugitive from justice without a warrant. And it seems to be the general rule that a person charged with felony or other crime in one state, who has fled to another state, may, before demand for his extradition is made, be arrested in the state in which he is found and detained in custody a reasonable time in order to give the executive of the state, from which he has fled, an opportunity to issue a requisition for an extradition. This right is said to be implied from the interstate rendition provisions of the United States Constitution. 4 Am. Jur., Arrest, Sec. 44; 22 Am. Jur., Extradition, Sec. 11.

Moreover, appellant was held by appellee, prior to the obtaining of extradition papers, on the authority of a telegram from the Texas authorities. This was an adequate basis for a provisional arrest and detention of a fugitive from justice. Mississippi Code Sec. 2472; 6 C. J. S., Arrests, Section 5(c); People ex rel. Mumbulo v. Ormsby, 1930, 136 Misc. 637, 241 N. Y. S. 225; 2 Moore, Extradition (1891) Sec. 602. See also 18 U. S. C. A. Section 3187. The original arrest of appellant was proper, and his provisional detention pending the obtaining of requisition papers was for a reasonable time and proper.

Appellant attacks the validity of the extradition warrant by the Governor of Mississippi and of the request therefor by the Governor of Texas. Extradition procedures are controlled primarily by federal statutes. 18 U. S. C. A. Sections 3181-3195. These statutes are based upon Article 4, Sec. 2, clause 2, of the United States Constitution, which provides that ''A Person charged in any State with Treason, Felony, or other Crime, who shall flee from justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime''. The Mississippi statutes relating to habeas corpus, Mississippi Code Secs. 2815-2840, and those relating to interstate rendition, Mississippi Code Secs. 3981-3984, are ''not applicable to interstate extradition except to the extent that they may be in aid of, and not inconsistent with, the Constitution and laws of the United States on the question''. Bishop v. Jones, 1949, 207 Miss. 423, 42 So. (2d) 421, 422.

18 U. S. C. A. Section 3182, provides as follows: ''Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate

of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.''

This statute requires that the executive authority of the demanding state must produce a copy of the indictment or affidavit charging the fugitive with the crime. Mississippi Code Sec. 3981 has substantially the same requirement. Appellant says that the failure to produce the indictment invalidates the Governor's warrant for extradition. Neither the requisition nor the warrant, which were introduced into the record, contains a copy of the indictment or of the judgment of conviction of appellant. Ordinarily such an omission would be a fatal defect, and we would be obliged to remand the case for either the obtaining of proper papers or the release of appellant. See Bishop v. Jones, 207 Miss. at page 445, 42 So. (2d) 421. Either the indictment or judgment of conviction, properly authenticated, should be a part of the demanding papers and in the possession of the governor of the asylum state prior to the issuance of the extradition warrant. One of them should preferably be attached to the extradition warrant. On the use of a copy of judgment of conviction rather than of indictment, see State ex rel. Treseder v. Remann, 1931, 165 Wash. 92, 4 p. (2d) 866, 78 A. L. R. 412; People ex rel. Mark v. Tomas, 1935, 362 Ill. 232, 199 N. E. 124, 102 A. L. R. 379; Albright v. Clinger, infra; contra, Rummer-

field v. Watson, 1934, 335 Mo. 71, 70 S. W. (2d) 895; State ex rel. Taylor v. Blair, Mo. Sup. 1948, 214 S. W. (2d) 555.

18 U. S. C. A. Section 3182, establishes no requirements as to the form of the extradition warrant of the governor of the asylum state, except by implication. ██ It should bear on its face a recital that it was duly issued and should set forth or recite the indictment, affidavit, or judgment on which it is founded. It need not contain a formal statement of all of the facts on which it was issued. ██ The governor must find that there is substantial evidence of a crime and that accused is a fugitive from justice of the demanding state. Bishop v. Jones, supra. An extradition warrant is prima facie evidence that the governor was in possession of these facts serving as a basis for his action. Ex parte Edwards, 1907, 91 Miss. 621, 44 So. 827; Ex parte Devine, 1897, 74 Miss. 715, 22 So. 3. ██ The present warrant recites that appellant "stands charged with having committed the crime of rape", and that he is a fugitive from Texas. Appellant introduced no evidence to contradict those findings of fact by the Governor, but in fact in his petition he admitted them. The extradition warrant is sufficient.

██ A more serious question is raised by appellant's claim that the demanding papers sent by the Governor of Texas to this state failed to comply with 18 U. S. C. A. Section 3182. The requisition in question contains the demand for the person of appellant as a fugitive from Texas. Appellant claims that it fails because it does not have attached thereto a copy of the affidavit, indictment, or judgment of conviction of appellant. In view of appellant's admission of his indictment and conviction in Texas, in his petition herein, he is in no position to assert the invalidity of the Texas requisition as an evidential or jurisdictional matter. The petition admits that he was convicted of rape on November 17, 1947, by the District Court of Harris County, Texas,

and was sentenced to fifty years in the Texas State penitentiary. He does not plead affirmatively that he has been pardoned or paroled, and does not deny either in his pleadings or in the evidence that he is a fugitive from justice of Texas. Appellant offered no evidence contradicting the admissions in his petition, and the testimony of the sheriff and the Texas representative. We think that the admission by appellant of his indictment and conviction for rape in Texas cures the defect of the omission of such indictment or judgment of conviction being attached to the demanding papers from the Governor of Texas.

A somewhat similar problem arose in Albright v. Clinger, 1921, 290 Mo. 83, 234 S. W. 57, 58. The relator was a fugitive from a conviction in Ohio. He filed in Missouri a petition for habeas corpus, attacking the sufficiency of the extradition papers. In sustaining the extradition, the Court held that the Governor's finding in his warrant creates a prima facie case, and that whether there was substantial evidence of a crime, and whether the relator was a fugitive from justice are evidential matters not prescribed by the Federal statute. In relator's petition he admitted that he had been sentenced in Ohio for a felony. The Court said that, "in addition, it was admitted by the relator not only in his pleadings, but in applications made to the Ohio Board of prison managers, that, while under sentence for a felony and on parole, he had violated the latter and had fled to this state. This was ample to satisfy the Governor of the facts and to authorize the granting of the requisition and the issuance of the warrant for the relator's arrest and delivery to the agent of the state of Ohio. . . . A sufficient answer to these contentions . . . is that they are admitted by the relator, and this evidence was before the Governor of this state when he granted the requisition." In Loper's case, at the time the Governor's warrant was issued, on January 20, 1950, there was on file appellant's petition admitting his conviction and his

sentence for fifty years in Texas. Moreover, in the Albright case it was further contended that there had been no showing that the relator had not been paroled, but the Missouri court held that it was the relator's duty to show a parole if he was claiming one. The same observations apply to the present case.

For these reasons and under these particular circumstances, we hold that the admissions in appellant's petition of his conviction and sentence in Texas, and his failure to show that he had been pardoned or paroled, cure what is otherwise a formal defect in the demanding papers from Texas. See Annotation, 135 A. L. R. 973; Moorhead, Texas and Interstate Rendition, 23 Texas L. Rev. 228 (1945); 35 C. J. S., Extradition, Section 10; Wright v. State, 1932, 162 Miss. 494, 139 So. 869.

On the issues of the identity of appellant and of whether appellant is a fugitive from justice, both the admissions in his petition and the testimony supported the findings of the trial court. ██ ██ And of course in a collateral proceeding of this sort the court cannot inquire into the merits of appellant's conviction in Texas, Donnell v. State, 1873, 48 Miss. 661; McLemore v. Love, 1944, 197 Miss. 273, 19 So. (2d) 828; 25 Am. Jur., Habeas Corpus, Sections 67, 27.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.