Jones *v.* Wetzel, Chief of Police.

Nov. 3, 1952

No. 38506          6 Adv. S. 23          60 So. 2d 781

*Bidwell Adam,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

Lee, J.

Leroy R. Jones applied to the County Court of Harrison County for a writ of habeas corpus on the ground that he was being wrongfully deprived of his liberty as a result of his arrest, on the warrant of the Governor of Mississippi, which was executed, on the request of the Governor of Arizona, for his extradiction. After a full hearing, the petition was dismissed, and Jones appeals.

The application by the County Attorney of Maricopa County, Arizona, to the Governor of that state for this requisition set forth all necessary requirements, in accordance with 18 U. S. C., Section 3182. It was ac-

companied by an affidavit of facts, an information filed by the County Attorney in the Superior Court, and by his affidavit made before a justice of the peace, of that county. Both the information and the affidavit charged the appellant with the crime of assault and battery with intent to murder.

Appellant, both by the allegations of his petition and by his testimony, admitted that he was in Maricopa County, Arizona, on February 24, 1948, the date of the alleged assault, and that he shot Emmett M. Williams, but that he did so in self defense; and that while Ruth S. Williams, wife of Emmett M. Williams, was present he did not attempt to shoot her. The record shows that on April 22, 1948, the Superior Court adjudged Jones to be insane, and ordered him to be confined in a mental institution until he should be restored to sanity. He escaped from the institution on August 30, 1950; but in the meantime, Williams, the assaulted party, instituted a civil suit and recovered a verdict of $7,500 by way of damages for injuries which he sustained in the assault.

It is the contention of the appellant that the sole purpose of this proposed extradition is to effect the collection of a debt and to make him amenable to a suit by Ruth S. Williams. Such contention is in direct conflict with an allegation of the application for extradition.

With appellant's admission that he was in Arizona at the time and place stated above, and that he actually shot Williams, it is definitely clear, from our decisions, that he was not entitled to be released from extradition. In Bishop v. Jones, 207 Miss. 423, 42 So. 2d 421, it was said: "It is to be conceded that if an accused was charged with murder in the demanding state he could not show in a habeas corpus proceeding in the asylum state that he committed the homicide in self defense and thereby establish his innocence, or that he was insane when the crime was committed, or that the prosecution is for a crime of such character as to be barred by some statute of limitation . . ."

See also Ex Parte John Devine, 74 Miss. 715, 22 So. 3, where it was held that the guilt or innocence of a petitioner cannot be inquired into on a habeas corpus proceeding.

In Loper v. Dees, 210 Miss. 402, 49 So. 2d 718, while there was a serious question as to compliance with 18 U. S. C., Section 3182, it was held that Loper's admission of his trial and sentence cured the defects in the extradition papers. The Court made this further observation: "And of course in a collateral proceeding of this sort the court cannot inquire into the merits of appellant's conviction in Texas," citing authorities.

A criminal prosecution was instituted against the appellant. Before his guilt or innocence could be determined, the court of proper jurisdiction adjudged him to be insane and committed him to a mental institution until he should be restored to sanity. While confined to that institution and before a judicial determination of his restoration to sanity, he escaped. The courts of Arizona are entitled to determine whether he is now sane, and if so to carry his prosecution through to final conclusion.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.