James D. Hopkins, J.
The petitioner, now confined in the county jail of Westchester County, seeks his liberty through a writ of habeas corpus. On August 4,1961 the petitioner was discharged from Sing Sing Prison; he was then taken into custody of the Sheriff of Westchester County under a warrant issued by the County Judge of Westchester County based on a sworn information which stated that the petitioner was a fugitive from justice under a charge of larceny committed in the State of Rhode Island. To the sworn information was attached a warrant of the Deputy Clerk of the Superior Court, County of Providence, State of Rhode Island, dated November 2, 1949, which stated that the petitioner was indicted for the crime of larceny. On the same day that the petitioner was arrested, he was brought before Mr. Justice McCullough and committed to the custody of the Sheriff for a period not to exceed 30 days.
The grounds of the petitioner’s application are that (1) the petitioner was denied parole from the sentence imposed on the petitioner for a crime committed in the State of New York (and which sentence the petitioner served and was discharged from on August 4,1961) by reason of the neglect of the Rhode Island authorities in indicating their intentions with respect to the indictment in Rhode Island, thus influencing the decision of the Parole Board not to grant parole; (2) under the declared public policy of New York the petitioner has been deprived of his right to a speedy trial, and hence his detention is illegal.
The County Judge was justified in issuing the warrant for the arrest of the petitioner on the sworn information before him (Code Grim. Pro., § 842), and the petitioner was lawfully committed for not more than 30 days as a fugitive, to await *1033 the warrant of the Governor on a requisition from the State of Rhode Island (Code Crim. Pro., § 844; see, also, People ex rel. Lawson v. Jenkins, 285 App. Div. 1207, and People ex rel. Mumbulo v. Ormsby, 136 Misc. 637). Accordingly, the restraint of the petitioner is legal, unless for the grounds urged by the petitioner he is entitled to his release.
Whatever may have been the effect of the communication or lack of communication between the Rhode Island authorities and the Parole Board concerning the parole of the petitioner, it does not constitute any ground for habeas corpus. The plain fact is that the petitioner is being detained under a commitment issued on the authority of section 844 of the code, and not under any action of the Parole Board. It is settled law, too, that the determination of the Parole Board not to grant parole is not reviewable by habeas corpus (Correction Law, § 212; People ex rel. Gariti v. Brophy, 255 App. Div. 823).
The second ground of petitioner’s application is novel and requires some discussion. As pointed out by the petitioner, New York, by statute and public policy, has guaranteed a person accused of crime in this State a speedy trial (Code Crim. Pro., § 8; People v. Prosser, 309 N. Y. 353). Indeed, a speedy trial might also be considered a constitutional privilege under the due process clause in section 6 of article I of the State Constitution. The Sixth Amendment of the Federal Constitution similarly provides for a speedy trial; whether it may be enforced against State prosecutions, as well as Federal prosecutions, under the due process clause of section 1 of the Fourteenth Amendment is still in doubt.
But the cogent question remains whether the court at this time and in this proceeding may consider the petitioner’s claim of constitutional or statutory privilege. It is now established that in a habeas corpus proceeding challenging the validity of an extradition process the court is limited in the area of review. “We may not consider the question of the sufficiency of the indictment as a pleading (Hogan v. O’Neill, supra [255 U. S. 52]) nor the possibilities resulting from the trial (Drew v. Thaw, 235 U. S. 432) nor the merits of the defense to the indictment or the motive and purpose of the extradition proceedings (Drew v. Thaw, supra; Smith v. Gross, 2 Fed. Rep. [2d] 507; certiorari denied, 267 U. S. 610; Matter of Bloch, 87 Fed. Rep. 981; Commonwealth v. Superintendent, 220 Penn. St. 401; Edmunds v. Griffin, 177 Iowa, 389).” (People ex rel. Higley v. Millspaw, 281 N. Y. 441, 445.)
In People ex rel. Coine v. Reilly (228 App. Div. 427) the relator in a habeas corpus proceeding brought to resist extradi *1034 tion contended that she was entitled to constitutional protection, since the prosecution of the crime charged in the demanding State would subject her to double jeopardy (cf. U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 6). The Appellate Division, Second Department, overruled the relator’s contention, saying (p. 428): “We are of the opinion that the issue of former jeopardy cannot be raised in this proceeding in this State. It is a matter of defense before the court wherein the indictment is pending. (Matter of Bloch, 87 Fed. 981; Munsey v. Clough, 196 U. S. 364).”
So, here the bar invoked by the petitioner must be raised in Rhode Island. To an extent, the restricted powers which may be exercised in an asylum State in extradition reflects the demands of the Federal system and the comity which must be always recognized between the States of the Union. The process of extradition would be imperiled if the asylum State could, prior to the proceedings in the demanding State, decide the validity of the indictment or the compliance of State procedures with the constitutional safeguards. The writ is, therefore, dismissed, the application denied, and the petitioner remanded.