THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW MATOCHIK, Appellant, against EDGAR J. BAKER, as Sheriff of Warren County, Respondent.— Appeal from a decision of the Supreme Court, Warren County, dismissing a writ of habeas corpus. Relator was arrested in New York on the Governor's warrant on an extradition proceeding. The Special Term has dismissed a writ

of habeas corpus, and the question here is the sufficiency of the charge of burglary against the relator in Vermont as a foundation of the extradition proceedings. The charge was made to a court in Vermont having jurisdiction of the offense by an information filed by the State's Attorney. This is authorized in that type of felony by a Vermont statute. There were several affidavits in support of the information and these were sworn to before a notary public. A Federal statute, passed in 1793 and continued without material change in the present section 3182 of title 18 of the United States Code, provides that whenever the executive authority of a State demands the return of a person as a fugitive from justice " and produces a copy of an indictment found or an affidavit made before a magistrate of any State " charging the fugitive with a felony and shows certain authenticated proof of the procedures taken the executive of the State in which the accused is found " shall cause the fugitive to be delivered " to the agent of the demanding State. The courts in New York are divided on the need for a present literal compliance with the 1793 Federal statute as a basis for extradition. In the First Department *People ex rel. MacSherry* v. *Enright* (112 Misc. 568, affd. 196 App. Div. 964) and in the Fourth Department *People ex rel. Hollander* v. *Britt* (195 Misc. 722, affd. 276 App. Div. 815), a substantial compliance by information filed by a prosecutor under an appropriate State law or an affidavit before a clerk rather than a " magistrate " have been held to be a sufficient compliance. In the Second Department (*People ex rel Lipshitz* v. *Bessenger*, 273 App. Div. 19) a literal compliance — indictment rather than information — was held necessary. Some States, notably Wisconsin, have held that a charge based on an information — authorized by the criminal procedure of the demanding State — is sufficient. (*Matter of Hooper*, 52 Wis. 699.) We regard the information, authorized by the municipal law of Vermont as a sufficient charge of felony, to be the successor to the indictment which Congress had in mind in the statute of 1793 and the proof of such an accusation thus authorized and sanctioned by Vermont law to be a substantial compliance with the requirements of the Federal extradition statute. Order affirmed. Foster, P. J., Brewster, Bergan and Coon, JJ., concur: Heffernan, J., taking no part. [See 281 App. Div. 776.]