224 So.2d 206 (1969)
Douglas McEWEN
v.
STATE of Mississippi.
No. 45520.
Supreme Court of Mississippi.
June 9, 1969.
Russell Blair, Oxford, for appellant.
A.F. Summer, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
JONES, Justice:
On a previous day of this term, we reviewed the record presented to us and found that it contained no final order and no requisition request from the Governor of Indiana. Because of lack of jurisdiction in the absence of a final order, we treated the case as an original petition for a writ of habeas corpus addressed to us and issued an order in the nature of a fiat to the circuit judge of Lafayette County directing that the case be heard not later than May 26, 1969. Miss., 222 So.2d 678. The case was retried on May 22, 1969, and the record has been returned to us.
The attorney general and the attorney for the petitioner have agreed that the Court may dispose of the case at this term on the briefs filed on the original appearance here.
We have accordingly reviewed the record which is an application for a writ of habeas corpus by appellant, Douglas McEwen, in resistance of extradition proceedings initiated by the State of Indiana.
The points argued by petitioner are that there was too much delay in the hearing of the matter and that the affidavit filed in Indiana was defective or insufficient because it did not contain evidentiary facts which would show probable cause.
In April, 1968, the defendant having been in jail in the City of Oxford on a federal charge, and the federal charge being dismissed, was kept in custody by the sheriff of said county because of letters, telephone conversations, and copies of affidavits and warrants from the prosecuting *207 attorney in Indiana requesting that the sheriff hold the petitioner for Indiana. When the agent from Indiana came, petitioner declined to waive extradition, and, thereupon an attorney was appointed by the judge of the circuit court. He filed a petition for a writ of habeas corpus with the circuit clerk of Lafayette County on May 30, 1968.
Thereupon a hearing was set for June 4, but had to be postponed because the Attorney General of Mississippi had not been given three days notice in accordance with the Mississippi statute. The petitioner should have seen that said notice was given. The hearing was reset for June 10. At the hearing on June 10, extradition proceedings had not been received. An order was entered holding that unless an agent from Indiana appeared or extradition be served upon petitioner within thirty days, petitioner would stand discharged. On July 2, an order was entered requesting the State to secure copy of affidavit, indictment, or judgment of conviction of petitioner and attach same to extradition warrant of the Governor of Mississippi and the requisition warrant from the Governor of Indiana, and the parties all agreed that said warrants were made a part of the record in this cause. There was no final order on that hearing, and on appeal to this Court, as hereinbefore stated, the case was remanded to the circuit court. The petitioner should have seen that the record was properly prepared. This case was a preference case entitled to advancement in this Court (Miss. Code Ann. § 1956), but no motion to advance was presented.
The petitioner himself was responsible for a large part of the delay, and we do not understand the federal statute (U.S.C.A. Title 18 § 3182) on extradition proceedings when it says if an agent does not appear within thirty days, the person may be discharged to be mandatory.
When this Court remanded the case directing that it be heard on or before May 26, it was heard on May 22, and the record before us now shows the demand by the State of Indiana upon the Governor of the State of Mississippi. In said request or demand, the Governor of Indiana certifies that the papers attached, including the affidavit, are authentic and to be duly authenticated, "and to charge a crime in accordance with the laws of this State." The said requisition from the Governor of Indiana also recites that the said respondent committed the crime while personally present in said State. There is attached also the request from the prosecuting attorney of Indiana in which he says he believes sufficient proof can and will be produced in the prosecution to secure petitioner's conviction. The certificate from the prosecuting attorney also recites that petitioner fled the State of Indiana after the commission of the crime, and that request was filed with the F.B.I. to assist in his location and return, and he was located in Oxford, Mississippi.
Further, there is attached a copy of the Indiana statute on kidnapping.
Petitioner alleges that the affidavit is insufficient because it only follows the words of the statute and does not include enough information to show probable cause. He relies on Kirkland v. Preston, 128 U.S.App. D.C. 148, 385 F.2d 670 (1968). Petitioner alleges that there was no right to arrest him because the affidavit did not show probable cause.
Under our statutes, sections 2470 and 2472, Mississippi Code of 1942 Annotated (1956), a warrant is not even necessary for an arrest when a felony has been committed and there is reasonable ground to believe the one arrested committed the crime. A telegram is adequate basis for arrest. Loper v. Dees, 210 Miss. 402, 49 So.2d 718 (1951).
It is our opinion that the certificate from the Governor of Indiana that the affidavit is an authenticated copy of an affidavit there pending, and that it states *208 a crime under the laws of the State of Indiana, in addition to the other matters hereinbefore stated, was sufficient to authorize the arrest of the defendant and his extradition. We think it would ill behoove us in the face of the certificate of the Governor of Indiana and the actions of the prosecuting attorney to say that the affidavit was insufficient under the laws of Indiana to state a crime or to authorize an arrest.
Affirmed.
GILLESPIE, P.J., and RODGERS, PATTERSON, INZER and SMITH, JJ., concur.