RODGERS, Presiding Justice.
The petitioner Delos Corkern was taken into custody by the sheriff of Lamar County, Mississippi, pursuant to an executive warrant issued by the Governor of Mississippi on request of the Governor of Louisiana for the extradition of the prisoner. After his arrest, petitioner filed an application for a writ of habeas corpus with the Circuit Judge of Lamar County. A hearing was had in the circuit court and the relief sought was denied. The petitioner promptly appealed to this Court and was released upon filing an appearance bond.
The State of Mississippi has filed a motion to dismiss the appeal because the office of the Attorney General was not given the required notice before a hearing was had on the petition for writ of habeas corpus. The State also contends that the application for the writ was not signed nor verified by the petitioner. The Attorney General points out that the applicable Code section requires that notice must be given to the Attorney General. Section 2816, Mississippi Code 1942 Annotated (Supp. 1972) is in the following language:
“Nothing in this chapter shall authorize the discharge of any person convicted of an offense, or charged with an offense committed in any other part of the United States, and who, agreeably to the Constitution of the United States or the laws of the State, ought to be delivered up to the executive power of the state or territory where the offense is charged to have been committed; nor of any person suffering imprisonment under lawful judgment.
Provided, in any suit filed seeking the release of any person being held for extradition to any other part of the United States, its territories or foreign countries or any suit filed hereunder seeking the release of any person ordered extradited, a copy of the petition and writ shall be served upon the Attorney General not less than three (3) days before the date and time set for hearing thereon.”
We hold that the requirement that the Attorney General be given notice in compliance with Section 2816, supra, *632 does not deprive the judges named in Section 2818, Mississippi Code 1942 Annotated (1956) of jurisdiction to issue writs and hear habeas corpus proceedings. The only jurisdictional requirements are that a proper petition be presented to a qualified judge, and when the judge issues a habeas corpus writ it must be served upon the party defendant who is said to be unlawfully holding a prisoner, or depriving a person of his liberty. When it is brought to the attention of the judge in the habeas corpus court that the Attorney General has not been served with notice in accordance with Section 2816, supra, he may issue a temporary order continuing the'hearing until the Attorney General of Mississippi has been given the notice required by-this Code section. See: Section 2832, Mississippi Code 1942 Annotated (1956).
The second contention of the State of Mississippi, that the application for a writ of habeas corpus in this state must be verified, is correct.
The applicable part of Section 2819, Mississippi Code 1942 Annotated (Supp.1972) reads as follows:
“Application for a writ of habeas corpus shall be by petition, in writing, sworn to by the person for whose relief it is intended, or by someone in his behalf, describing where and by whom he is deprived of liberty, and the facts and circumstances of the restraint, with the ground relied on for relief; and the application shall be made to the judge or chancellor of the district in which the relator is imprisoned, unless good cause be shown in the petition to the contrary. * * H= ”
In the case of Wheeler v. State, 219 Miss. 129, 70 So.2d 82 (1954) this Court held that an original application for a writ of habeas corpus filed in the Supreme Court alleging an illegal confinement must have attached thereto an affidavit showing good cause for the failure to apply to a judge in the district where the petitioner was imprisoned in compliance with the foregoing Section 2819, supra.
The Court overruled the motion to dismiss because the brief of the petitioner was on file and we felt, that the State should answer the appellant’s brief.
The appellant contends that the State of Mississippi failed to show probable cause for the arrest of the prisoner because it is said that the affidavit filed with the magistrate was not sufficient probable cause to charge the appellant with a crime in Louisiana. It is argued that the information does not sufficiently describe the crime charged. It is true that for an officer to have the right to restrain a citizen of his liberty on a criminal charge, the charge should appear upon the face of the information, and if a capias or warrant is issued on an information, the charge on which the arrest is sought to be made should appear upon the face of the warrant or capias. The habeas corpus court may, however, examine the evidence taken before the magistrate issuing the warrant to determine whether or not probable cause existed. See cases collected in 39 Am.Jur. 2d, Habeas Corpus, § 38, p. 207 (1968).
Under the law of the State of Louisiana (the state seeking extradition), prosecution of serious crimes may be had upon a bill of information, except in capital cases. State v. Skiffer, 253 La. 405, 218 So.2d 313 (1969); State v. LaCaze, 252 La. 971, 215 So.2d 511 (1968). It is apparent that in Louisiana a bill of information is the legal equivalent to an indictment by a grand jury and as such is sufficient to establish probable cause.
It is a well-recognized rule of law that a bill of information will be sufficient to order an interstate extradition of a fugitive when a bill of information is recognized by the demanding state as being suf *633 ficient to charge the fugitive with the crime therein set forth. People ex rel. Matochick v. Baker, 280 App.Div. 1025, 116 N.Y.S.2d 754, 756, Aff. 306 N.Y. 32, 114 N.E.2d 194, 196 (1952); Ex Parte Ryan, 75 Okl.Cr. 144, 129 P.2d 204, 207 (1942).
The application of the Governor of Louisiana for extradition of the prisoner states on its face that “The requisition asked for said fugitive is not sought for the purpose of collecting a debt or confirming a civil remedy, or to answer any other private end whatever.” Therefore, this Court cannot assume that the charge in the affidavit was for a debt.
The argument of appellant that the variance between the date charged in the attached affidavit (July 2, 1971) and the date set forth in the bill of information (June 2, 1971) denied the appellant the right to raise the question of whether or not he was in the demanding state at the time of the alleged crime. The prisoner, however, did not offer testimony in his own behalf that he was not in Louisiana on either of the dates mentioned.
Our examination of the extradition papers convinces us that they are in proper form and are not defective, and that a mere irregularity as to the dates mentioned therein is not sufficient to prevent the extradition of the prisoner. Tyler v. Pierce, 216 Miss. 498, 61 So.2d 309 (1952).
The petition for habeas corpus is hereby dismissed and the sheriff of Lamar County will release the prisoner to the designated officers of the State of Louisiana.
Petition for writ of habeas corpus dismissed; prisoner released into custody of agents of the State of Louisiana.
JONES, INZER, ROBERTSON and SUGG, JJ., concur.