329 So.2d 506 (1976)
Johnny TAYLOR, Sheriff
v.
Dr. Norman Asa GARRISON, Jr.
No. 49090.
Supreme Court of Mississippi.
March 23, 1976.
Rehearing Denied April 20, 1976.
*507 A.F. Summer, Atty. Gen. by Edwin A. Snyder, Sp. Asst. Atty. Gen., Jackson, for appellant.
Farese, Farese & Farese, Ashland, Kay Farese Luckett, Clarksdale, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
BROOM, Justice, for the Court:
Extradition of appellee, Dr. Garrison, to Missouri on a murder charge was ordered by the Governor of Mississippi. The governor's action in issuing a rendition warrant was challenged by appellee in a habeas corpus court of Marshall County. After indulging various theories as to what may have actually occurred, the habeas corpus court found that insufficient probable cause existed when the accusatory affidavit was filed against appellee in Missouri, and that he had not been in Missouri on the date of the murder. Accordingly, the habeas corpus court suppressed the extradition *508 warrant, sustained the writ of habeas corpus, and discharged appellee. Sheriff Taylor appeals the matter here. Though we must reverse the judgment appealed from, Dr. Garrison's guilt or innocence is not before us and we make no judgment whatever on that issue.
Briefly stated, the facts are as follows. The body of Lee Ann Garrison, ex-wife of appellee, was discovered at approximately 11:20 A.M. on Sunday, September 8, 1974. Several hours later, by affidavit of a Missouri prosecutor, appellee was charged with murder. On December 4, 1974, Mississippi Governor Waller, upon requisition of Missouri, issued his rendition warrant which the habeas corpus court nullified. In the habeas corpus court appellee called the Missouri prosecutor (as an adverse witness) who described events and evidence which caused him to file the charge.
As counsel for appellee (in the habeas corpus court) was questioning the prosecuting attorney from Missouri about another suspect (a Mrs. Hatley), appellant's counsel objected to any further such questioning on the ground that probable cause for issuance of the affidavit was not a proper inquiry. Ruling on the objection was reserved by the court, and appellee's counsel was allowed to show that others may have had motive and opportunity to kill Mrs. Garrison. Then on appellant's behalf, a Mississippi Deputy Sheriff (Bright) testified that he took appellee into custody pursuant to the governor's warrant on December 4, 1974. Appellant then placed in evidence the governor's extradition warrant bearing the sheriff's return and rested.
Testifying in his own behalf, appellee presented an alibi (corroborated by several prominent Mississippi citizens) that he was not in Missouri, but in Mississippi at Pickwick Lake from the afternoon of September 7, 1974, until the afternoon of September 8, 1974. He denied being in the demanding state of Missouri since June 1, 1974. Some of his testimony as to certain details and statements made by him as to his plans for September 8 was contradicted by rebuttal witnesses of appellant.
Physical facts, found to exist at or near the Garrison residence in Missouri, introduced by appellant consisted of: (1) a fingerprint identified as appellee's lifted from a metal fence; (2) a torn surgical glove found near the victim; (3) three types of blood were discovered: Type A  Mrs. Garrison's; Type O  appellee's; and Type B  unidentified; (4) a bloody footprint having similarities to appellee's; and (5) someone with obvious knowledge of the intricate telephone system had rendered it inoperable.
In the arguments presented here, it is not questioned that there are three traditional requisites for extradition, to-wit: There must be a showing that the person sought is (1) the person named in the extradition writ, (2) charged pursuant to 18 U.S.C.A. section 3182 (1969) with a crime in the demanding state, and (3) a fugitive from the justice of the demanding state. At the hearing granted by the governor it was found that those requisites had been met. Based on this finding, the governor issued his rendition warrant and his act as a public official carries with it a presumption of validity.

I.
The first issue is whether the habeas corpus court erred in suppressing the warrant of extradition issued by the Mississippi Governor on the ground that the accusatory affidavit filed against the appellee in Missouri was not presented to the Governor in Mississippi or to the habeas corpus court.
The record is devoid of proof that such an affidavit was not presented to the governor. However, an authenticated copy of Governor Waller's rendition warrant directing appellee's arrest was put in evidence at the habeas corpus hearing, and its *509 form and contents were not shown to be deficient. Grace v. Dogan, 151 Miss. 267, 117 So. 596, 597 (1928). Such a warrant was prima facie evidence of the existence of every jurisdictional fact necessary to the governor's determination before he issued such process. Illinois ex rel. McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121 (1907); Roberson v. Quave, 211 Miss. 398, 51 So.2d 777 (1951); Loper v. Dees, 210 Miss. 402, 49 So.2d 718 (1951); Grace v. Dogan, supra; Ex Parte Walters, 106 Miss. 439, 64 So. 2 (1913); Ex Parte Edwards, 91 Miss. 621, 44 So. 827 (1907); Ex Parte Devine, 74 Miss. 715, 22 So. 3 (1897).
In the habeas corpus court it was appellee's burden to overcome appellant's prima facie case made out by the governor's warrant. Though appellant could have properly placed in evidence all pertinent extradition documents, the warrant was sufficient to establish a prima facie case. As movant, appellee, failed in his attack on the form, content, or sufficiency of the extradition documents. His burden was to produce the documents, or at least demand that appellant produce them, but he made no attempt to get them before the habeas corpus court and into the record. In this regard his burden is clear because by motion to suppress the extradition warrant he contended that the charge against him was not brought "upon probable cause supported by necessary supporting affidavits." In such a posture, his motion required proof. The governor's extradition hearing officer was available to the appellee. He had been subpoenaed to appear and bring all the extradition documents. The officer testified but appellee made no attempt to offer the subject documents into evidence. Then the habeas corpus court, without viewing them, ruled that the governor wrongfully upheld sufficiency of such documents.
Although Mississippi Code Annotated section 11-43-9 (Supp. 1975) requires that applications for habeas corpus state the ground for relief, the only ground stated in appellee's petition was that he was not a fugitive. In the record is appellant's return on the habeas corpus writ pursuant to Mississippi Code Annotated section 11-43-29 (1972) stating that appellee had been charged with murder in the State of Missouri from which state "Petitioner is a fugitive... ." No evidence was offered to contradict that part of the return stating that appellee had been charged in Missouri.
Upon the record as made, it was error for the trial court to rule that the requirements of 18 U.S.C.A. section 3182 (1969) were not complied with.[1]

II.
Appellant contends that it was error for the trial court to conduct an evidentiary hearing and receive oral testimony on the issue of whether there was probable cause for the arrest of appellee.
The extradition clause of the United States Constitution provides:
A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime. (U.S.Const. Art. 4 § 2, Cl. 2.)
Implementing the constitutional provision is 18 U.S.C.A. section 3182 (1969), which requires the demanding state to show that the person demanded is (1) substantially charged with a crime under its jurisdiction, and (2) is a fugitive therefrom. The first requirement is a matter of law; the second is one of fact. Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515 (1905); *510 Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544 (1885). Whether the first requirement is complied with has been traditionally determined from the face of the documents submitted to the governor of the asylum state. Although no rule has been propounded with regard to the form or substance of these documents, the word "charged" as used in the Federal Constitution and statute, has been construed by the Supreme Court:
In the strictest sense of the term a party is charged with crime when an affidavit is filed, alleging the commission of the offense, and a warrant is issued for his arrest; and this is true whether a final trial may or may not be had upon such charge. In re Strauss, 197 U.S. 324, 331, 25 S.Ct. 535, 537, 49 L.Ed. 774, 778-79 (1905).
Normally, the submitted documents (authenticated) include: (1) an accusatory affidavit, information, indictment, or record of conviction of the person demanded, (2) arrest warrant; (3) appropriate certificates of the clerk and judge each attesting to the other's authority, and (4) a formal requisition by the governor of the demanding state.
Some jurisdictions have expanded the scope of the substantiality issue to allow inquiry into probable cause. An indictment or conviction in the demanding state is generally accorded a conclusive presumption on the question. Woods v. Cronvich, 396 F.2d 142 (5th Cir.1968): Walden v. Mosley, 312 F. Supp. 855 (N.D. Miss. 1970); Loper v. Dees, supra. But, when the charge accompanying the requisition is in the form of an affidavit, a number of jurisdictions have required a showing that it be supported by Fourth Amendment standards of probable cause. United States ex rel. Grano v. Anderson, 446 F.2d 272 (3d Cir.1971); Kirkland v. Preston, 128 U.S.App.D.C. 148, 385 F.2d 670 (1967) and authorities cited therein at 674, n. 7. Mississippi rejected the Kirkland rationale in McEwen v. State, 224 So.2d 206 (Miss. 1969). However, language in a subsequent decision indicates that probable cause may be within the scope of inquiry. Corkern v. State, 269 So.2d 630 (Miss. 1972). This language that the "habeas corpus court may, however, examine the evidence taken before the magistrate issuing the warrant to determine whether or not probable cause existed" was dicta and not controlling here. In Corkern the argument that the State of Mississippi failed to show probable cause for the prisoner's arrest was (as appears from the briefs therein) founded upon the theory that the accusatory affidavit, bill of information and "accompanying papers" on the face of them were insufficient as a matter of law. Such argument related to the form and content of the documents rather than to the actual facts of the case. No issue of probable cause as to sufficiency of the "evidence before the magistrate" was decided by us in Corkern, and that case cannot be authority that we have adopted the Kirkland rule. Corkern dealt largely with the question of whether extradition may be based on a bill of information rather than an indictment.
Our rule, which seems to be the rule in a majority of the states, is as follows: When the governor from a demanding state requisitions extradition and certifies that the respondent committed the crime while in the demanding state, and that the duly authenticated accusatory document (along with the related extradition documents) is genuine and states a crime under the laws of that state, such facts authorize the arrest and extradition of the defendant. McEwen, supra. In the case sub judice, Governor Waller stated in his rendition warrant that the Governor of Missouri "has made known to me that Dr. Norman Asa Garrison, Jr., stands charged with having committed the crime of first-degree murder." McEwen in effect holds that the issue of probable cause should be litigated in the demanding state. Accord: In re Ierardi, 321 N.E.2d 921 (Mass. 1975); Bailey v. Cox, 260 Ind. 448, 296 N.E.2d 422 (1973).
*511 Accordingly, the ruling of the lower court "[t]hat the Fourth Amendment, which governs arrest, governs extradition arrests (U.S.C.A.Const. Amend. 4; D.C.C.E. § 23-401(a); 18 U.S.C.A. § 3182, F.S.A. § 806.06 [806.02])" is erroneous. Its very language is an extract from Headnote 5 in the Kirkland case which we expressly rejected in McEwen, supra.
Though not necessary to our decision in this case, the record demonstrates that probable cause existed even under the rule of those jurisdictions which permit such an inquiry. Evidence tending to link appellee with the murder included: blood of the same type as that of the accused found at the scene of the crime, a bloody footprint similar to that of appellee, the inoperative telephone system, a torn surgical glove, and a fingerprint on the fence behind the residence impressed in the blood type of the victim.
While it is true that some of these items of evidence were not known when the accusatory affidavit was made against appellee, the fact of the murder was known along with certain incriminating facts, including a threat allegedly made by appellee, condition of the telephones, and the torn surgical glove found at the scene of the crime. Thus it cannot be logically argued that probable cause was not established upon this record, even if required.

III.
The final issue presented is: Did the habeas corpus court erroneously discharge appellee on the question of fugitivity?
To be a fugitive from a demanding state, the subject person must have been within that state at the time the crime was committed. One is not such a fugitive if he establishes conclusively or beyond a reasonable doubt that he was without the borders of the demanding state at the time of the commission of the crime. South Carolina v. Bailey, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933).
Clearly the question of fugitivity is within the scope of inquiry of the habeas corpus court. Bishop v. Jones, 207 Miss. 423, 42 So.2d 421 (1949). The appellee here had reliable eye witnesses who placed him outside the borders of the demanding state at the time of the murder. However, the appellant introduced a fingerprint made in the blood type of the victim and identified as that of appellee, which places him at the scene of the crime. The habeas corpus court found that the fingerprint evidence was irreconcilable with the testimony of the witnesses, and erroneously resolved the conflict in favor of appellee. The proper forum to make such resolution is a court in the demanding state rather than a court in the asylum state. South Carolina v. Bailey, supra; Munsey v. Clough, supra; United States ex rel. Grano v. Anderson, 318 F. Supp. 263 (D.Del. 1970). The habeas corpus court below rationalized the presence of the relator's fingerprint by finding, as a matter of fact, that it had been substituted. Such a conflict (alibi versus fingerprint) must be decided by the trial court of the demanding state  not the habeas corpus court as occurred here. United States ex rel. Grano v. Anderson, 318 F. Supp. 263 (D.Del. 1970). As stated in Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917), neither statutes nor constitutional provisions (on extradition) are to be "construed narrowly and technically ... as if they were penal laws, but liberally" so that a demanding state may bring to trial charges against a defendant found in another state. There a jury may hear the evidence and determine the guilt or innocence of Dr. Garrison, which issue is not before this Court.
The judgment of the lower court is reversed, the writ of habeas corpus is quashed, and appellee will be remanded into the custody of the sheriff of Marshall *512 County for delivery into the custody of the lawful agent of the State of Missouri.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ. and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.
NOTES
[1] Mississippi Code Annotated sections 99-21-1 to -11 (1972) are the Mississippi statutes on extradition.