HARRIS, Presiding Judge.
This is an appeal from a judgment rendered in the Tenth Judicial Circuit denying appellant’s discharge in a habeas corpus proceeding. Pursuant to a Rendition Warrant, issued by Honorable Fob James, Governor of the State of Alabama, appellant, Harold Joe Monroe, alias Percy Roberson, was to be extradited to the State of Texas for the crime of capital murder committed in that state.
At the hearing on the petition the prosecutor introduced into evidence the following documents: (1) the rendition warrant from the Governor of Alabama, (2) the requisition from the Governor of Texas, (3) request to the Governor of Texas from the District Attorney of Harris County, Texas, to issue a requisition warrant to the Governor of Alabama for the return of appellant to that state to face charges for capital murder, (4) copy of the indictment returned by the Grand Jury of Harris County, Texas, charging appellant with the offense of capital murder, (5) arrest warrant issued by the District Clerk’s office of Harris County, Texas, for the apprehension of appellant, (6) certification by the Clerk of the District Court that the indictment is a true and correct copy of the indictment on file in his office, (7) certification from Hon. Lee Dug-gan, Jr., one of the judges of the District Court of Harris County, Texas, that Ray Hardy is the Clerk of the District Court of Harris County, Texas, and the proper custodian of the records of said court, and that his signature is genuine, and a certification by the Clerk that Lee Duggan, Jr., is one of *755 the duly commissioned and qualified judges of said court and that his signature to the foregoing certificate is his genuine signature, (8) the designation of named agents to receive appellant from the proper authorities in Alabama, signed by the Governor of Texas and attested by an Assistant Secretary of State with the Great Seal of Texas affixed thereto, and (9) the fingerprint records of appellant from the State of Texas together with his photograph.
The rendition warrant reads as follows:
“In the Name and by the Authority of the
“STATE OF ALABAMA
“I, FOB JAMES. Governor of the State To any Sheriff, Coroner, Constable or other Officer authorized by Law to make Arrests send Greeting:
“Whereas, His Excellency, W. P. CLEMENTS. JR. Governor of the State of TEXAS, by requisition dated the 27TH day of JUNE. 1980 has demanded of me, as Governor of the State of Alabama, the surrender of PERCY ROBERSON who, it appears, is charged by CERTIFIED COPIES OF INDICTMENT AND CAPIAS in the County of HARRIS in said State, with the crime of CAPITAL MURDER (a duly certified copy of which CERTIFIED COPIES OF INDICTMENT AND CAPI-AS accompanies said requisition) and it appearing that said PERCY ROBERSON has fled from justice in said State and taken refuge in the State of Alabama.
“Now Therefore, I, FOB JAMES Governor of the State of Alabama, in obedience to the Constitution and Laws of the United States and the Laws of the State of Alabama, do command you to arrest the said PERCY ROBERSON if HE be found within the limits of this State, and to deliver HIM into the custody of SHERIFF JACK HEARD. CAPT. W. F. ROBI-CHAUX. J. B. MOTT. DONALD BRIS-TER AND R. M. GONZALES the duly authorized Agent (or Agents) of the State of TEXAS. And of the execution of this warrant you will make due return to me.
“In Testimony Whereof, I have hereunto set my hand and caused the Great Seal of the State of Alabama to be affixed by the Secretary of State, at the Capitol, in the City of Montgomery on this day.
JULY 21,1980
Date
(ALABAMA /s/Fob James_
GREAT SEAL) Fob James Governor
/s/Don Siegelman_
Don Siegelman Secretary of State”
The requisition from the Governor of Texas reads as follows:
“THE STATE OF TEXAS
Executive Department
“THE GOVERNOR OF THE STATE OF TEXAS, TO HIS EXCELLENCY THE GOVERNOR OF THE STATE OF ALABAMA
“WHEREAS, it appears by the annexed application for requisition and copies of INDICTMENT AND CAPIAS which I certify are authentic and duly authenticated in accordance with the laws of the State of Texas, that under the laws of this State PERCY ROBERSON stands charged with the crime of CAPITAL MURDER committed in this State, and it has been represented and is satisfactorily shown to me that the accused was present in this State at the time of the commission of said crime and thereafter fled from the justice of this State, and has taken refuge and is now to be found in the State of ALABAMA.
“NOW, THEREFORE, pursuant to the provisions of the Constitution and the laws of the United States and the laws of the State of Texas and the laws of the State of ALABAMA, in such cases made and provided,
“I DO HEREBY RESPECTFULLY DEMAND that said PERCY ROBERSON. *756 fugitive from justice be arrested and secured and delivered to SHERIFF JACK HEARD. CAPT. W. F. ROBICHAUX. J. B. MOTT. DONALD BRISTER. AND R. M. GONZALES who are hereby authorized to receive an convey and transport him to this State, here to be dealt with according to law.
“IN WITNESS WHEREOF, I have hereunto signed my name and caused to be affixed the Great Seal of State, at Austin, Texas, this 27th day of June A. D.,19 80.
/s/ W. P. Clements, Jr.
Governor
By the Governor:
(THE STATE OF TEXAS
SEAL)
/s/ H. David Hernden_
Assistant Secretary of State”
In the case of In re Donald Roland Shirley v. State of Alabama, Ex parte State of Alabama, 363 So.2d 104, the Chief Justice, writing for a unanimous court, held:
“It is well settled that if the rendition warrant recites certain jurisdictional facts, to-wit: (1) that there was a demand in writing for the return of the person named in the warrant as a fugitive from justice by the executive authority of the state from which he fled, (2) that the requisition was accompanied by a copy of the indictment found, or an information or an affidavit before a magistrate, substantially charging the person demanded with a crime under the laws of the state from whose justice he fled, and (3) that the copy of the indictment, information or affidavit was authenticated by the executive authority making the demand, then a prima facie case is made out for detention and the burden shifts to the prisoner to rebut the State’s prima facie case, (citations omitted) It is not necessary for the establishment of a prima facie case that the requisition warrant and supporting papers be introduced into evidence when the rendition warrant makes the required showing.” (citations omitted)
In this case the rendition warrant contained sufficient jurisdictional facts to establish a prima facie case for lawful detention. The burden was on appellant to rebut the State’s prima facie case by showing that he was not the identical person named in the indictment or that he was not a fugitive from justice. State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; Denson v. State, 36 Ala.App. 216, 57 So.2d 830; State v. Knight, 31 Ala.App. 174, 14 So.2d 159; Harris v. State, 257 Ala. 3, 60 So.2d 266.
Appellant made no attempt to offer any evidence going to show that he was not the identical person named in the indictment or that he was not a fugitive from justice, but sought to rely upon the supposed insufficiency of the State’s case to justify his lawful detention. He sought to go behind the Sheriff’s return to writ issued by the trial court which return exhibited the Governor’s rendition warrant which established the right of the State of Alabama, prima facie, to detain the prisoner. Such an attempt does not square with the legion of cases in this state on this subject. Shirley v. State, supra. See, also, Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521, wherein the Supreme Court of the United States held: “Interstate extradition was intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, Section 2 of the Constitution. . . . The clause never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between the initial arrest and trial.”
Appellant’s counsel, during the ha-beas corpus hearing, attacked the sufficiency of the indictment returned by the Grand *757 Jury in Harris County, Texas, claiming that it was void under the Texas statute and the Texas case law, and, thus, would not support an order of extradition. If such claim is true the proper forum to raise this issue is in the Texas court where appellant is to be tried. In Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515, the rule is stated to be that the technical sufficiency of the indictment and the question of the procedure under it are not open to inquiry on habeas corpus to review the issuance of a warrant of arrest in interstate extradition proceedings.
Though appellant failed to assume the burden cast upon him, after the state made out a prima facie case of lawful detention, by showing he was not the identical person named in the indictment or that he was not a fugitive from justice, the state adduced the testimony of a fingerprint expert who stated she took the fingerprints of appellant in the Birmingham jail and compared the prints with appellant’s fingerprints sent from Texas and found they were the same. The qualifications of the expert were proven though the trial judge stated he had ruled her to be an expert in over fifty cases tried in his court.
We have carefully examined the allied papers introduced into evidence and find they meet the tests laid down in numerous cases from the appellate courts of this state. The judgment of the court below denying the relief sought in the habeas corpus hearing is affirmed.
AFFIRMED.
All the Judges concur.