PRATHER, Justice,
for the Court:
An extradition request from the demanding state of Alaska for return of a fugitive within this state preceded a habeas corpus petition in the Pike County Circuit Court. The focus of this Court’s opinion is on the standard of the courts of the asylum state in reviewing a release on habeas corpus.
I.
Richard C. Allen was charged by indictment in the State of Alaska with the sexual assault of his minor stepdaughter. The indictment charged that the offense was committed from on or about the summer of 1984 through July, 1985.
On November 7, 1986, the Governor of Mississippi issued a Governor’s Warrant commanding that the fugitive be arrested and delivered over to the designated agents of the demanding state. Thereafter, Rich *891 ard C. Allen filed a petition for Writ of Habeas Corpus in the Circuit Court of Pike County, Mississippi on February 2, 1987. A response was filed by the State of Mississippi.
A hearing was held on March 3, 1987. At the hearing, the Governor’s Warrant and requisition documents from the State of Alaska were introduced into evidence. Notwithstanding, Mr. Allen put on evidence to establish that he was absent from the State of Alaska on several occasions during the period of time charged in the indictment. The State in rebuttal to this proof established through cross-examination that the appellant was a resident of Alaska during the summer of 1984 through July, 1985.
At the close of this hearing, the trial court denied Mr. Allen’s petition for habeas corpus. Richard C. Allen, the appellant, was denied relief on a petition for writ of habeas corpus in the Circuit Court of Pike County, Mississippi. Allen appeals assigning as error the failure of the Alaska indictment and supporting official documents to provide a reasonable specific date of the crime charged denies appellant his right to claim that he was not present at the time of the alleged crime.
II.
DID THE FACT THAT THE ALASKA INDICTMENT FAILED TO ALLEGE A SPECIFIC DATE OF THE CRIME CHARGED DENY APPELLANT HIS RIGHT TO CLAIM THAT HE WAS NOT PRESENT AT THE TIME OF THE ALLEGED CRIME?
In the case at bar, Mr. Allen asserts resistance to the Alaska authorities by claiming he was not in Alaska at the time of the alleged crime. Therein, Mr. Allen argues that this fact is almost impossible to prove without specific dates of the crime.
To reinforce Mr. Allen’s argument, he cites the United States Supreme Court decision, Michigan ¶. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). The United States Supreme Court in Michigan defines the scope of review in extradition proceedings wherein the Governor of the state grants extradition. A court, considering habeas relief, is allowed to review:
(A) Whether the extradition documents on their face are in order;
(B) Whether the petitioner has been charged with a crime in the demanding state;
(C) Whether the petitioner is the person named in the request for extradition; and
(D) Whether the petitioner is a fugitive. Id. 439 U.S. at 288, 99 S.Ct. at 535, 58 L.Ed.2d at 527. Counsel for Mr. Allen argues that the Michigan opinion affirms Mr. Allen’s right to establish that he was not a fugitive.
In line with Michigan, Mr. Allen points out that the Mississippi Supreme Court has followed the same limitations in connection with habeas corpus relief. Citing Taylor v. Garrison, 329 So.2d 506 (Miss.1976), this Court in Johnson v. Ledbetter, 348 So.2d 1007 (Miss.1977) observes that to obtain extradition the demanding state must show that the person demanded is a fugitive from that state. This court also defines a fugitive as a person that has been in the demanding state at the time of the crime. (Emphasis added) Thereto, this Court states, “One is not a fugitive if he establishes beyond a reasonable doubt that he was without the border of the demanding state at the time of the admission of the crime.” Id. at 1010.
With the reasoning of this Court in mind, Mr. Allen argues that Alaska broadly alleges when the crime is supposed to have occurred. Therein, Mr. Allen believes that he is arbitrarily denied his right to litigate the factual issues of whether he is a fugitive from Alaska.
In rebuttal to the foregoing argument, the State of Mississippi reiterates the four elements which may be raised in an extradition proceeding. See Michigan v. Doran, 439 U.S. at 282, 99 S.Ct. at 531, 58 L.Ed.2d at 523. Thereto, counsel for the State argues that the introduction of the Governor’s extradition warrant creates a presumption that all the requirements for extradition have been met. See Crumpton v. *892 Owen, 376 So.2d 641 (Miss.1979). Considering this Court’s opinion in Crumpton, the State of Mississippi alleges that, “Once this prima facie showing has been made, it is the appellant’s burden to prove he is not the person wanted or was not in the demanding state at the time of the crime.”
Along with this argument, the state also contends that this Court is not the proper forum to challenge the issue of the specific date. Reinforcing this contention, the state cites Monroe v. State, 400 So.2d 753 (Ala.Cr.App.1981). In Monroe, the Court of criminal appeals, citing Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515 (1905), writes:
The rule is stated to be that the technical sufficiency of the indictment and the question of the procedure under it are not open to inquiry on habeas corpus to review the issuance of a warrant of arrest in interstate extradition proceedings.
Id. at 757. Therefore, the State of Mississippi argues that the proper forum to raise a claim for a specific date is in the Alaska courts.
With the arguments of both sides in mind, this Court turns to the language in Michigan in order to resolve this issue. The United States Supreme Court in Michigan writes:
Under Article 4, Section 2 (Constitution), the courts of the asylum state are bound to accept the demanding state’s judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity. In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination. (Emphasis added).
Id. 439 U.S. at 290, 99 S.Ct. at 536, 58 L.Ed.2d at 528. Along with this reasoning, the United States Supreme Court concludes:
Once the governor has granted extradition, a court considering release on ha-beas corpus can do no more than decree (A) Whether the extradition documents on their face are in order;. (B) Whether the petitioner has been charged with a crime in the demanding state; (C) Whether the petitioner is the person named in the request for extradition; and (D) Whether the petitioner is a fugitive. (Emphasis added).
This Court holds that the words, “can do no more than,” limits the asylum state to review of only the foregoing elements.
In line with this Court’s reasoning, the United States Supreme Court in a recent case, California v. Superior Court of California, — U.S.—, 107 S.Ct. 2433, 96 L.Ed.2d 332 (1987), argues the narrow construction of the Extradition Act. The Court writes:
The language, history, and subsequent construction of the Extradition Act make clear that Congress intended extradition to be a summary procedure. As we have repeatedly held, extradition proceedings are “to be kept within narrow bounds”; they are “emphatically” not the appropriate time or place for entertaining defenses or determining the guilt or innocence of the charged party.
Id. — U.S. at—, 107 S.Ct. at 2438, 96 L.Ed.2d at 340. See also Puerto Rico v. Branstad, — U.S.—, 107 S.Ct. 2802, 97 L.Ed.2d 187 (1987). With this analysis in mind, the Court strongly suggests that the specific location of Mr. Allen at the time of the crime is an issue to be litigated in Alaska.
Taking into consideration the precedent set forth in California v. Superior Court of California, this Court is persuaded to follow the Supreme Court’s reasoning in Michigan. In the concurring opinion, the United States Supreme Court writes:
“It is enough if the paper submitted by the demanding State in support of its request for extradition facially show that a neutral magistrate has made a finding of probable cause. If they do, it is not the province of the courts of the asylum state, subject to extended appellate review, to probe the factual sufficiency of the finding. That probe may be conducted in due course in the de *893 manding state.” Michigan, 439 U.S. at 297, 99 S.Ct. at 539, 58 L.Ed. at 532.
Therefore, the introduction of the Governor’s extradition warrant creates a presumption that all the requirements for extradition have been met. See Crumpton v. Owen, 376 So.2d 641 (Miss.1979).
Considering these precedents, this Court determines that the circuit court was correct in reasoning: “... [T]he filing of the extradition proceedings and the fact that extradition has been granted by the asylum state, constitutes a prima facie case on behalf of the state that they are entitled to extradition, ...” Additionally, the controversy over a specific date is a question to be litigated in the judiciary of the demanding state.
Respectively, the circuit court should be affirmed and Mr. Allen ordered into the custody of the sheriff of Pike County for delivery according to the Governor’s rendition warrant.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.!