WALLER, J.,
Dissenting:
¶ 38. Because the majority’s opinion is plainly inconsistent with both the extradition clause of the United States Constitution, U.S. Const, art. IV, § 2, cl. 2, and our precedent, I respectfully dissent.
¶ 39. The Governor of Arkansas requested that the Governor of Mississippi issue a warrant of rendition for Howard Sonkin based on a felony information charging Sonkin with “theft of property.” The request for extradition was supported by proper paperwork, documentation, and certification pursuant to the laws of interstate rendition. Sonkin admitted that he was the individual sought for extradition. After presentation of all the evidence, witnesses and arguments, the circuit court ordered Sonkin to be held for transfer to the Arkansas authorities.
¶ 40. Under Miss.Code Ann. § 7-1-25 (1991), a court’s review of an extradition petition is restricted to whether the documents are facially valid, a crime has been charged, the suspect is the person who is charged with the crime, and the suspect is a fugitive.[5] State v. McCurley, 627 So.2d *575 339, 344 (Miss.1993). See also Allen v. State, 515 So.2d 890, 891 (Miss.1987) (citing Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978)).
¶ 41. Sonkin agrees that the extradition documents are substantially correct and admitted that he has been charged with a crime in Arkansas and that he was the person being sought in the extradition papers. Therefore, the only issue to be decided is whether he was a fugitive. Sonkin argues that he could not be a fugitive under the fourth prong of the McCurley test because he never went to Arkansas and thus could never flee from authorities in that jurisdiction. However, we have recognized the theory of constructive presence which does not require Sonkin to be present in Arkansas when the crime was committed:
Miss.Code Ann. § 7-1-25(2) [and similar statutes from other states permit] extradition of persons committing crimes which violated the demanding states criminal statutes while not being physically present in the demanding state. These statutes which in no way offend federal extradition law, rather, they complement it.... The theory of constructive presence as found in § 7-1-25 alters the requirements of fugitivity which is traditionally found in criminal settings. In conclusion, we reiterate that Mississippi courts are not the proper forum for the parties to air their claims....
McCurley, 627 So.2d at 347.
¶ 42. The State did not have to prove that Sonkin fled from Arkansas soil in order for him to be a fugitive. The application of the theory of constructive presence meets the fourth prong of our review. Sonkin can be extradited for a crime he allegedly committed in Arkansas while he was in Mississippi.
¶ 43. The issuance of a governor’s extradition warrant creates a presumption that the warrant is valid and all the requirements have been met:
.The general rule regarding extradition in this state is that when a governor from a demanding state requisitions extradition and certifies that the respondent committed the crime while in the demanding state, and that the duly authenticated accusatory document is genuine and states a crime under the laws of that state, such facts authorize the arrest and extradition of the defendant. The introduction of the Governor’s extradition warrant creates a presumption that all the requirements for extradition have been met. Once this prima facie showing has been made, it is the appellant’s burden to prove he is not the person wanted or was not in the demanding state at the time of the crime.
McCurley, 627 So.2d at 345 (citations omitted). See also Allen, 515 So.2d at 891, 892; Crumpton v. Owen, 376 So.2d 641 (Miss.1979); Taylor v. Garrison, 329 So.2d 506, 510 (Miss.1976).
¶ 44. Mississippi courts do not make independent findings of probable cause. Review is limited to whether the paper submitted facially shows a finding of probable cause by a neutral magistrate:
Under Art. IV, § 2 [of the United States Constitution], the courts of the asylum state are bound to accept the demanding state’s judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity. In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are *576 without power to review the determination. Section 2, cl. 2, of Art. IV, its companion clause in § 1, and established principles of comity merge to support this conclusion. To allow plenary, review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, § 2. See, e.g., Sweeney v. Woodall, 344 U.S. 86, 90, 73 S.Ct. 139, 140, 97 L.Ed. 114 (1952); Marbles v. Creecy, 215 U.S. 63, 69-70, 30 S.Ct. 32, 33-34, 54 L.Ed. 92 (1909); Pierce v. Creecy, 210 U.S. 387, 404-405, 28 S.Ct. 714, 719-720, 52 L.Ed. 1113 (1908).
Doran, 439 U.S. at 290, 99 S.Ct. at 536.
¶ 45. For the above reasons, I would affirm the judgment of the circuit court. Therefore, I respectfully dissent.
PITTMAN, C.J., AND McRAE, P.J., JOIN THIS OPINION.

. Miss.Code Ann. § 7-1-25 (1991) provides as follows:
(1) It shall be the duty of the governor, on demand made by the executive authority of any other state, territory or district for any person charged, on affidavit or indictment in such other state, territory or district, with a criminal offense and who shall have fled from justice and be found in this state, the demand being accompanied with a copy of the affidavit or indictment certified as authentic by such executive authority, to cause the offender to be arrested and delivered up to the authority of such state, terri-toiy or district for removal to the jurisdiction having cognizance of the offense, upon payment of the costs and expenses consequent on arrest; and it shall be the duty of the governor to demand and receive fugitives from justice for offenses committed in this state.
(2) The governor may also surrender, on demand of the executive authority of any other state, any person to be found in this state who stands charged in the manner provided in subsection (1) of this section with committing an act in this state, or in a third state, intentionally resulting in a crime in *575 the state whose executive authority is malting the demand.